### BEARDEN et al. v. DAVES et al.

1. The petition is not demurrable for any of the reasons assigned against it.
  (*a*) The petition is not multifarious.
  (*b*) The court erred in sustaining the demurrer.
2. Mandamus is an available remedy where there is no other specific legal remedy for the legal rights of the person seeking the writ.
3. The constitution of the State (Civil Code, § 6400) is not repugnant to the fourteenth amendment of the constitution of the United States on the ground that it does not provide an appeal to the superior court from the registrars upon the question of the payment of taxes by a taxpayer and voter, and therefore denies to the voter and taxpayer due process of law and the equal protection of the laws.
  (*a*) In such a case, sections 62 and 65 of the Civil Code afford any person who is unlawfully denied the right to sign the voters' book, or to have his name placed upon the list of registered voters according to law, due process of law and the equal protection of the laws.
  (*b*) Generally the rights guaranteed to the citizens by the constitution of the State are not accompanied with the remedy available for enforcing those rights, or with the provision for due process of law and the equal protection of the laws, but the manner of enforcing the rights is usually left for legislative enactment; and where the legislature has provided due process, and the equal protection of the laws, as to any paragraph of the State constitution, the latter is not obnoxious to the fourteenth amendment of the constitution of the United States, as not affording due process or the equal protection of the laws.
  (*c*) Where a petition alleges that the plaintiffs were registered voters under the provisions of section 6398 of the Civil Code, and that the registrars of a certain county wilfully refused to put their names on the list of registered voters as required by law, and where the pleadings raise no question as to whether the voters have placed their names in the voters' book as required, sections 62 and 65 of the Civil Code do not apply.
  (*d*) Where in such a case the prayer was that a mandamus should be

issued against the registrars, requiring them to enroll the names of plaintiffs upon the registered voters' list filed with the clerk of the superior court, the petition was not subject to demurrer because each of the plaintiffs had an adequate and complete remedy at law by taking an appeal from the decision of the registrars. It was the failure on the part of the registrars to act, of which complaint was made; and no appeal can be taken from such failure. In such a case mandamus is an available remedy.

MARCH 13, 1913.

Petition for mandamus. Before Judge Morris. Fannin superior court. October 22, 1912.

*Gober & Jackson,* for plaintiffs.

*D. W. Blair* and *J. Z. Foster,* for defendants.

HILL, J. Ninety-eight citizens of Fannin county filed their petition to the superior court for mandamus, and the court granted an order nisi thereon, calling upon the registrars of the county to show cause why the mandamus nisi should not be made absolute. The petition was filed in July, 1912, and, at the hearing on October 21st, the defendants filed a demurrer upon the grounds set out therein; and upon considering the demurrer, the trial judge sustained the same and dismissed the petition. Whereupon the plaintiffs excepted. The petition alleged as follows: The plaintiffs were all taxpayers of the county, and had paid all the taxes which had been required of them since the constitution of 1877; and they were registered voters under section 6398 (subdivision 2) of the Civil Code. Within the time required by law during the year 1912 they signed their names in the voters' book of the tax-collector, and he put their names upon the list of those entitled to register, which list the collector was required to make out and furnish the registrars, and he did make and furnish such list. The plaintiffs paid their taxes since the former registration. They had registered under subsection 2 of section 6398 of the Civil Code, for the year 1911, and had signed the voters' book in 1912, and paid all taxes which had been required of them by law, and which they had had an opportunity of paying, both since the adoption of the constitution of 1877 and since their former registration in 1910 and 1911, excepting those who have become 21 years of age within 12 months. Each and all the plaintiffs were entitled to register and to have their names enrolled upon the list furnished the clerk of the superior court, as the registrars are required to do, from which list the registrars are under the law required to furnish to the

election managers a copy of the list of those entitled to vote; but the registrars without excuse or cause left off the names of the plaintiffs from the list. There are two factions in Fannin county; one faction, of which the plaintiffs are members and with which they vote, now hold the offices of ordinary, clerk of the superior court, sheriff of the county, and other county offices, which are to be voted for upon the first Wednesday in October, 1912. The defendants are partisans, and opposed in politics to the plaintiffs. While the law contemplates that the board of registrars shall be bipartisan, all the members of said board are of one political faith in the factional contest over the offices of the county. In order to give the opposition a chance to defeat the present dominating faction in said county, which faction is largely in the majority in numbers of voters, the registrars have wilfully and maliciously, and without legal or lawful excuse, left off from the registered list of voters about 300 voters of said county, for the sole and only purpose of placing the opposition and their faction in possession and control of the politics and offices of said county. The plaintiffs are citizens of the United States and of Fannin county; they have paid all taxes demanded of them, and have resided in the State more than one year and in the county more than six months next preceding the time they signed the voters' book; they have the right, under the constitution of the United States, to vote for a congressman to represent the Ninth Congressional district, on the first Tuesday in November, 1912, and also to vote for electors to elect a President of the United States, and are entitled to have their names registered and to be allowed to vote at said election; the constables and justices of the peace elections will be held in December, and the plaintiffs are entitled to vote at those elections; about three fourths of petitioners are Republicans and will vote the Republican ticket, but the faction represented by the registrars are supporting the National Democratic Ticket, and the leaving of petitioners' names off the registration list was done in the interest of the Democratic party in the county and national elections, and was illegal and contrary to law. Petitioners' names were not upon the list of qualified voters for 1912 furnished to the ordinary, the clerk of the superior court, and the tax-collector, but were on the list of qualified voters taken from the voters' book. Section 6400 of the Civil Code, which provides for an appeal from the

decision of the registrars, is unconstitutional and void, for the reason that the same is at variance with and contrary to the fourteenth amendment of the constitution of the United States, "in that by failing and refusing an appeal from the registrars upon the question of the payment of taxes it leaves the matter with the registrars and does not afford the voter and taxpayer due process of law," and it also "abridges the privileges and immunities of petitioners as citizens of the United States in their right to vote at State and National elections, and it denies to your petitioners as citizens of the United States and of the State the equal protection of the laws." The prayer was for a mandamus to require the registrars to enroll the names of petitioners upon the voters' list and list of registered voters to be filed with the clerk of the superior court, and thereby place it in the power of plaintiffs to vote at the elections hereinbefore set out.

The defendants demurred upon the following among other grounds: (*a*) that plaintiffs are not entitled to the writ of mandamus, for the reason that each of them has a plain, adequate, and complete remedy at law by an appeal from the decision of the registrars; (*b*) that plaintiffs do not show that they or either of them are entitled to registration under the laws of this State; (*c*) that the petition is multifarious, and there is a misjoinder of parties plaintiff; and that their interests are several, distinct, and determinable upon different issues. By an amendment to their petition the plaintiffs alleged that section 6400 of the Civil Code, which provides for an appeal, is unconstitutional and void for reasons set out in the second division of this opinion. Upon the hearing the court sustained the demurrer and dismissed the petition; whereupon the plaintiffs excepted.

1. All that we now rule is that the petition for mandamus was not subject to demurrer on any of the grounds urged against it. According to the allegations, all of the applicants were entitled to be placed on the voters' list, and all were excluded on the same general ground. It does not appear on the face of the pleadings that there was any diversity in the situation of the applicants relatively to their right to be entered on the list of voters, and it can not be held on demurrer that such is the case. We are not called on at this time to determine the extent to which the writ of mandamus should go if the plaintiffs should prevail upon the trial.

The prayers seek not only to have the names of the applicants entered on the list, but also that whatever else is necessary to establish their right to vote should be directed to be done. Whether, if the plaintiffs should prevail, the writ should direct the names of the applicants to be entered on the list, subject to a contest and hearing before the registrars as to each one, if made, in the manner pointed out in the code, or whether the writ should go to the full extent prayed, need not now be determined; nor is the question now before us as to what would be the result in case it should appear upon the trial that some of the petitioners were entitled to be entered on the list, and some not, or if the evidence sustained the allegations as to some and not as to others. These are questions which will be determined in case they arise. Upon the face of the petition no such facts appear, and the contention of the demurrer that they do not occupy the same status relatively to the writ partakes of the nature of a speaking demurrer.

2, 3. Did the petition set out such a cause of action as to entitle the plaintiffs to the writ of mandamus? We think it did, and that the demurrer was erroneously sustained, as ruled in the first division of this opinion. Mandamus is an available remedy to enforce official duty, "if there be no other specific remedy for the legal rights." Civil Code, § 5440; and see *City of Atlanta* v. *Wright,* 119 *Ga.* 207, 211 (45 S. E. 994). Is there a "specific legal remedy for the legal rights" of the plaintiffs in this case? The Civil Code, § 6400, provides: "Any person to whom the right of registration is denied by the registrars upon the ground that he lacks the qualifications set forth in the five subdivisions of paragraph 4 shall have the right to take an appeal, and any citizen may enter an appeal from the decision of the registrars allowing any person to register under said subdivisions. All appeals must be filed in writing with the registrars within ten days from the date of the decision complained of, and shall be returned by the registrars to the office of the clerk of the superior court, to be tried as other appeals." It is insisted that this section is void as being repugnant to the fourteenth amendment of the constitution of the United States, for the reason that it fails and refuses to allow an appeal from the registrars "upon the question of the payment of taxes," that "it leaves the matter with the registrars, and does not afford the citizens and taxpayers due process of law, and the said

provision abridges the privileges and immunities of petitioners as citizens of the United States in their right to vote at State and National elections, and it denies to your petitioners as citizens of the United States and of the State the equal protection of the laws." It is true that paragraph four, including the five subdivisions referred to, makes no reference to the question of appeal where the payment, or non-payment, of taxes as a qualification, or disqualification, of a voter is concerned. Nor does section 6400 of the Civil Code. Non-payment of all taxes which may have been required since the constitution of 1877 of any person who desires to become a voter is a disqualification under art. 2, sec. 1, par. 3, of the constitution of Georgia. But the failure of the paragraph attacked to provide an appeal in cases of non-payment of taxes does not render it void for the above reason, where it appears that the voter by statute has due process of law afforded him for a hearing, and where he is not denied the equal protection of the laws. By section 62 of the Civil Code it is provided that "Any person, who, after application, was unlawfully denied the right to sign the voters' book, may have his name placed upon the list of registered voters, upon satisfactory showing made to the registrars that he is entitled to be registered. The county registrars shall not be confined to the evidence furnished by the list of disqualified voters, but may have access to the original papers or books from which said lists were compiled, and may hear any competent written evidence or oral testimony, under oath, concerning the disqualification of any person whose name appears on the list taken from the voters' books. The county registrars may likewise hear any competent written evidence or oral testimony, under oath, concerning the removal of the disqualification of any person whose name appears on the list of disqualified voters." And section 65 declares: "If the name of any person appears on the voters' book whose right to have his name placed upon the list of registered voters is questioned by the registrars, said registrars shall give said person at least one day's notice of the time and place of hearing the question; which notice shall be in writing and served upon said person, either personally or by leaving the same at his most notorious place of abode." These provisions of the statute are broad enough to give the voters coming within its terms their day in court, and to provide them with due process of law and the equal protection of

the laws. They provide a formal trial upon the question as to whether the taxpayers and voters have paid their taxes or not, in order to have their names placed upon the registration lists; and a failure to provide a remedy by appeal does not void the statute, or the paragraph of the constitution under review. The failure to provide an additional remedy by appeal to the one above pointed out, or other method of prolonging the contest as to whether taxes have or have not been paid, does not render the law void as being repugnant to the fourteenth amendment of the constitution of the United States. There must be an end to litigation, and a statute which gives to the voter the right to appear and make his full defense and qualify himself as a voter is all that the amendment to the Federal constitution demands in such a case; and this the statute does. Pittsburg etc. Railway Co. v. Backus, 154 U. S. 421 (14 Sup. Ct. 1114, 38 L. ed. 1031) ; McGehee on Due Process of Law, 81. Generally, constitutions do not deal with remedies, but the details for enforcing constitutional rights and guaranties are left to the legislature, which provides due process and equal protection of the laws by affording an opportunity for appearing and making defenses.

The petitioners alleged that they had paid all taxes which had been required of them agreeably to law since the adoption of the constitution of 1877, and which they had had an opportunity of paying, and that they were registered voters under subdivision 2 of § 6398 of the Civil Code of Georgia, and that the tax-collector put their names upon the list of persons entitled to register, which list he is required to make out and furnish the registrars, and which list he did make out and furnish the registrars, with the names thereon, within the time required by law for him to furnish said list to the registrars. We must assume these allegations, upon demurrer, to be true; and so taking them, the question of payment or non-payment of taxes is not involved; for the allegation is that they were paid, and no issue is joined on that question. There was no ground for appeal on the non-payment of taxes, for there was no issue as to that; and on all the other grounds of the subdivision of paragraph 4, there is a remedy by appeal, in addition to the remedy provided in sections 62 and 65 of the Code, under the provisions made in the constitution itself. There is no denial of the equal protection of the laws by section 6400, because each of the

classes there enumerated may also come within the class of those who fail to pay their taxes. It can not be said, therefore, that any one coming within its terms is deprived of any legal or constitutional remedy because section 6400 fails to provide an appeal in cases where the failure to pay taxes is the issue; and that other people might or might not be deprived of an appeal, if they were differently situated, affords the plaintiffs no cause for complaint. And, as already pointed out, any prospective voter is provided with his day in court.

But sections 62 and 65 of the Civil Code do not afford a remedy to the plaintiffs under the facts of this case. It does not appear from the record that the plaintiffs had any hearing under those two sections or under section 6400. The sections first above cited apply to hearings and contests, and the record is silent as to such. Section 62 of the Civil Code applies to any person who, after application, has been "unlawfully denied the right to sign the voters' book," etc. Here it is alleged, that the plaintiffs had paid all their taxes, signed the voters' book, and done everything incumbent upon them in order to be registered; that the registrars wilfully left off the names of the plaintiffs from the registered list of voters, for the sole and only purpose of placing the opposition and their faction in possession and control of the politics and offices of said county; and that it was the duty of the registrars to place the names of the plaintiffs on the list of voters filed with the clerk. Section 65 likewise does not afford a remedy to the plaintiffs under the facts of this case, because there is no question as to whether the plaintiffs had the right to have their names placed upon the list of registered voters. It is alleged that they had that right, and the demurrer admitted this and the other allegations of the petition to be true. It was the failure of the registrars to act, of which complaint is made; and from such failure no appeal could be taken. In such a case mandamus is an available remedy to enforce official duty.

*Judgment reversed. Beck, J., absent. The other Justices concur.*