AUSTIN *et al. v.* DOZIER *et al.,* registrars.

No. 9331. APRIL 14, 1933.

*W. I. Geer,* for plaintiffs.

*N. L. Stapleton* and *E. P. Stapleton,* for defendants.

RUSSELL, C. J. Section 59 of the Civil Code (1910), after declaring the general right of a voter to cast his ballot under the terms of the registration law, concludes with the proviso "that no person shall be qualified to vote at any election unless he shall have paid all taxes due at least six months before the same, except when said election is held within six months from the expiration of the time fixed by law for the payment of said taxes." It is declared by the constitution of 1877, art. 2, sec. 1, par. 3: "To entitle a person to register and vote at any election by the people, he shall have resided in the State one year next preceding the election, and in the county in which he offers to vote six months next preceding the election, and shall have paid all taxes which may have been required of him since the adoption of the constitution of Georgia of 1877, that he may have had an opportunity of paying agreeably to law. Such payment must have been made at least six months prior

to the election at which he offers to vote, except when such elections are held within six months from the expiration of the time fixed by law for the payment of such taxes." In *Jones* v. *Darby,* 174 *Ga.* 71 (161 S. E. 835), the words "all taxes" were construed to embrace taxes due to any municipality of this State. It follows that a person who has failed to pay any taxes, State or municipal, is ineligible to vote, or to be placed upon the voters' list to be furnished to the managers of a proposed or approaching election. It was not alleged in the present case that the applicants for mandamus had paid all taxes which had been required of them under the constitution of 1877 or § 59, supra. It appears inferentially from the decision in *Bearden* v. *Daves,* 139 *Ga.* 635 (77 S. E. 871), that in an application for mandamus, similar to that now before us, it is essential to the completeness of such an application that all taxes of the applicants for mandamus shall have been paid. However, as it may be said that the specific point was not raised in the *Bearden* case, and as it is now directly involved, we hold that the court did not err in adjudging that the application for mandamus was fatally defective in that it was not alleged that the applicants or any of them paid all taxes required by law. The court correctly held that the petition must be construed against the pleader, and the failure to state that petitioners had paid all taxes must be construed as an admission that they were seeking a mandamus when they had not paid the taxes required by law.

Learned counsel says: "Plaintiffs in error are and were registered and qualified voters of Miller County, and their names were so certified by the tax-collector, as required by law, to the defendants in error. The defendants in error left their names off of voters' list without giving them any notice at all, and without giving them an opportunity to be heard before them. Petition was brought to force them to restore their names to the list from which they were illegally stricken. Demurrer was filed to the petition, and court sustained it and dismissed the suit. Case is here for review excepting to the judgment sustaining the demurrer." As stated by counsel, the facts alleged are to be taken as true against the demurrer. There is no question as to this; but in failing to show by the petition that the applicants had paid all taxes due by them, and thus tacitly admitting that they had not paid their taxes, the fact that they were not entitled to be put upon the list of registered voters certified by

the registrars to the clerk was disclosed and became apparent. In these circumstances, the provision of law requiring notice to be given, as embodied in § 65, supra, became inapplicable and nonessential. The court did not err in sustaining the demurrer and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*