BETTENDORF AXLE COMPANY *vs.* CHARLES W.
FIELD ET AL., EXECUTORS OF GEORGE
A. VON LINGEN.

*Constitutional Law—Change in Remedy Given to Creditors of
Corporation Against Stockholders by Act 1908, Chap. 305.*

Prior to the Act of 1908, Chap. 305, each creditor of a cor-
poration was entitled to bring an action at law against any
stockholder therein who had not fully paid his subscription

for the stock, and the creditor could recover from him to the extent of the balance due on the stock subscription. The Act of 1908, Chap. 305, provided that the liability of stockholders to creditors of the corporation should be enforced only by bill in equity on behalf of all the creditors against all the stockholders. After the passage of this Act, plaintiff instituted suit against the defendants to enforce their liability for unpaid subscriptions for the capital stock of the corporation of which the plaintiff was a creditor. *Held,* that this Act is constitutional and did not impair the obligation of the contract within the meaning of the Federal Constitution, since it afforded to the creditors of the corporation a more efficient remedy against the stockholders than that which previously existed.

*Held,* further, that the existing rights of the creditors of the corporation against stockholders were not affected by the general corporation law, Act of 1908, Chap. 240, which contained a provision expressly reserving their rights against stockholders.

*Decided January 11th, 1911.*

Appeal from the Superior Court of Baltimore City (HARLAN, C. J.).

The cause was submitted to the Court on briefs by:

*J. Kemp Bartlett, L. B. Keene Claggett* and *R. Howard Bland,* for the appellant.

*Charles W. Field,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is a submitted case, and the appeal is from a judgment, of the Superior Court of Baltimore City in favor of the defendants for costs.

The suit was instituted, by the appellant, as a creditor of the South Baltimore Steel Car and Foundry Company, a corporation of the State, against the appellees as executors of George A. Von Lingen, a stockholder, of the corporation.

The declaration contains seven counts, six in assumpsit, and the seventh a special count, as follows. And for that the plaintiff is a creditor to the South Baltimore Steel Car and Foundry Company, a body corporate of the State of Maryland, organized and existing under the General Laws of the State, in the sum of twenty-four thousand eight hundred and eighty-four dollars and ninety cents ($24,884.90); and that the defendants were prior to, are, and have been. during all the time that the plaintiff has been a creditor of the company, original stockholders of the South Baltimore Steel Car and Foundry Company, and as such were prior to, are, and have been, during all of the period the owners and holders of one hundred and eighty (180) shares of the preferred capital stock of the par value of one hundred dollars ($100) per share (the preferred capital stock being of the class known as ordinary or pure preferred capital stock and was not issued under or in accordance with section 408 of Article 23 of the Code of Public General Laws of the State of Maryland of 1904), and two hundred and fifteen (215) shares of the common capital stock of the said company of the par. value of one hundred dollars ($100.00) per share, upon which preferred and common stock there is a balance due and unpaid of nine thousand dollars ($9,000.00) with interest from February 1, 1906; the capital stock so, as aforesaid, held and owned by the defendants, having a par value of thirty-nine thousand, five hundred dollars ($39,-500.00), being nine thousand dollars ($9,000.00) in excess of all sums paid by the defendants or by any one for or on account of the defendants to the company for the shares; the shares having been acquired by the defendants by subscription or purchase from the South Baltimore Steel Car and

Foundry Company, and the defendants are as to the shares original stockholders having had at all times knowledge that the stock was not fully paid and of the extent of the non-payment.

And the plaintiff claims eighteen thousand dollars ($18,-000.00).

To this declaration, the defendants pleaded the general issue pleas of never indebted as alleged, and never promised as alleged. For a third plea they allege, that the cause of action did not accrue within the three years before the suit. And for a fourth plea, to the seventh count of the declaration, they say, that the alleged indebtedness of the defendants or of their testator to the South Baltimore Steel Car and Foundry Company for the purchase of stock therein, did not accrue within three years before this suit.

And for a fifth plea to the seventh count of the declaration, they say that the one hundred and eighty (180) shares of the preferred capital stock of said South Baltimore Steel Car and Foundry Company, referred to in the count, were issued under and in accordance with section 408 of Article 23 of the Code of Public General Laws of the State of Maryland of 1904, and were full paid and non-assessable shares in accordance with the section of the Code; and that the two hundred and fifteen (215) shares of the common stock of the company, referred to in the count, were also full paid, non-assessable shares in the company, in accordance with the law, and that no sum whatsoever was ever due to the company thereon by the defendants or their testator, George A. Von Lingen, at and prior to the institution of this suit.

On the 10th day of May, 1910, the defendants, the appellees here, moved the Court that the suit be declared abated and dismissed, for the following reason. That this is a suit by a creditor of a corporation to enforce the liability of one of its stockholders therein, and that Chapter 305 of Acts of 1908 of the General Assembly of Maryland provides that

the exclusive remedy for the enforcement of such rights shall be by bill in equity, and that the law by its terms became operative as of July 1st, 1907, and further declared that it shall cause the abatement of all actions at law, which should have been brought against stockholders since that date, and that this suit was brought subsequent to July 1st, 1907, and in fact, was brought more than eighteen (18) months after the passage of the above-named Chapter 305 of the Acts of Assembly of 1908; and after the statute had been in full force and effect; and the action should, therefore, be declared abated.

This motion to abate was granted by the Court below, and on the 10th day of May, 1910, the suit was directed to be abated and dismissed and a judgment entered for the defendants for costs.

The single question then raised on the record and presented for our consideration is the constitutionality of the Acts of 1908, Chap. 305—that is, first, whether the retrospective provision of the Act of 1908, Chap. 305, is valid, and secondly, if it is valid, then was that Act superseded by Chapter 240 of the Acts of 1908 (the new General Corporation Law), which became effective June 1st, 1908.

By the Act of 1908, Chap. 305, sec. 64 of Article 23 of the Code of 1888, title "Corporations," was repealed and re-enacted, and a new section known as 64 A was added. This section reads as follows:

"64 A. The exclusive remedy for the enforcement by creditors against stockholders of all rights existing under the preceding section 64, as the same stood prior to the time of the passage of this Act, and which were declared by said section as amended by this Act not to be affected by the terms thereof as herein amended, shall be, as against stockholders residing in the State of Maryland, by bill in equity in the nature of a creditor's bill filed against such stockholders by one or more creditors on behalf of themselves and all other

creditors of the corporation who may come in and make
themselves parties thereto, in a Court having jurisdiction
within the limits of the county or City of Baltimore, in
which, as the case may be, the principal office of the corpora-
tion is situated at the time of the filing of the bill, or in
case any such corporation has, by reason of having been
placed in the hands of a receiver, or from any other cause,
ceased to have any principal office at the time of the filing of
the bill, then the bill shall be filed in a Court having juris-
diction within the limits of the county or the City of Bal-
timore in which, as the case may be, the said corporation
had its last principal place of business; and to any such bill
stockholders residing beyond the limits of the State of Mary-
land may become parties defendant, and upon so becoming
parties, shall not be proceeded against in any other State
or territory or in the District of Columbia, in respect of any
liability imposed by the said section 64, as said section stood
before the repeal thereof, and which existed at the time of
the passage of this Act hereinbefore referred to. This sec-
tion shall become operative as of July 1st, 1907, and shall
cause the abatement of all actions at law which shall have
been brought against said stockholders since that date to en-
force any repeal thereof, and which existed at the time of
the passage of this Act, hereinbefore referred to; provided.
however, that as to any plaintiff or plaintiffs in any of said
abated suits, who shall, within sixty days from the passage
of this Act, become a party or parties to a bill in equity of
the character mentioned in this section, then, as regards the
operation of the Statute of Limitations upon the claims so
sued on, the time elapsed between the institution of said
abated suits and the time of such plaintiff or plaintiffs be-
coming a party or parties to said bill in equity shall be in-
cluded in ascertaining the period within which suits are
required to be brought by the said Statute of Limitations,
the costs taxable to any plaintiff or plaintiffs in any action at

law which shall be abated under the provisions of this sec-
tion, the plaintiff or plaintiffs in which action shall become
a party or parties to a bill in equity under the provisions of
this section, shall become a part of the costs taxable in the
proceedings in said equity case."

This Act, it will be seen was approved on April 6th, 1908,
and this suit was not brought by the appellant, until the
19th day of November, 1909.

It is quite clear, then that if the law is constitutional that
the remedy sought by this suit, no longer existed, because
under the terms of the Act, all actions at law by creditors
of such corporations against stockholders to enforce their
stockholders liability since July 1st, 1907, should be abated,
and all actions at law, for the enforcement of such liability
instituted after that date and prior to the passage of the
Act, should be abated. A bill in equity was made the ex-
clusive remedy for the enforcement by creditors of corpora-
tions of the liability to them of the stockholders for any
unpaid balances due on this stock.

The old remedy at law was abolished by this Act, and a
suit in Chancery substituted in its place.

Now it is admitted, by the appellant and appellee, in their
briefs that the questions raised on this appeal, are identical
with those raised, passed on and determined by us, in the
recent case of *Pittsburg Steel Co. v. Baltimore Equitable
Society,* decided by us, on March 31st, 1910, 113 Md. 77.
Upon reference to that case, we find this to be correct. The
case was then heard and determined by all of the Judges of
this Court, after full and careful argument upon the part
of the appellant and appellee, and is now pending on appeal,
from this Court to the Supreme Court of the United States,
upon writ of error dated the 27th of June, 1910.

In that case, we held the Act of 1908, Chapter 305, to be
valid and constitutional and upon a second consideration of
the same questions we find no reason to disturb or overrule

the decision then made, but hold it to be conclusive upon the issue presented in this case.

We said in the *Pittsburg Steel Co.'s case, supra,* that we had occasion to pass upon the constitutionality of a statute having a precisely similar operation to the one now before us in the case of *Miners Bank v. Snyder,* 100 Md. 57, and held it to be valid. It was also said, neither the Acts of 1904, Chapter 337, in issue in the *Miners Bank case,* nor the Acts of 1908, in issue here give to the creditor suing the stockholder at law any lien or priority, by reason of having brought suit, upon the debt due by the defendant stockholder or to the corporation. Nor does the entry of suit by one creditor exclude the other creditors from suing the same stockholder and recovering the entire debt due by him, if they can secure earlier judgments. It is the recovery of judgment, not the entry of suit, that gives to the suing creditor the exclusive right to the debt due by the defendant stockholder. In *Garling v. Bechtel, supra,* it was held that the mere bringing of suit by one creditor against a stockholder does not constitute a defense to a suit by another creditor. It was further said, the laws creating the liability of the stockholder, which were in force at the time of the passage of the Acts making the remedy in equity exclusive were silent as to the remedy. The practice of enforcing the liability by an action at law grew up under the decisions of this Court which held the liability to be a debt due under the statute by the stockholder, and therefore recoverable at law. The Act also contains a provision touching the running of limitations against the claims of creditors which had been sued on at law prior to its passage; but, as it does not appear from the record that the rights of the appellant are affected thereby, he cannot be heard to raise the question of its constitutionality. *A. & E. Encyc.,* Vol. 6, page 1090; 8 *Cyc.,* 787, 788; *Red River Valley Bank v. Craig,* 181 U. S. 558, 21 Sup. Ct. 703, 45 L. Ed. 994; *Lampasas v. Bell,* 180 U. S. 283, 284, 21 Sup. Ct. 368, 45 L. Ed. 527;

*Phinney* v. *Sheppard & Enoch Pratt Hospital,* 88 Md. 639, 42 Atl. 58; *Joesting* v. *Baltimore,* 97 Md. 594, 55 Atl. 456.

We do not think that Chapter 240 of the Acts of 1908 affects the status of the present suit or the rights of the parties to it. That Act, as its title declares, was passed to revise the corporation laws of the State by repealing certain specified sections of Article 23 of the Code of 1904 and substituting new sections in their stead. By it sections 1 to 92 of Art. 23 are among those repealed for which new sections numbered from 1 to 79, inclusive, are substituted. The new sections make some changes in the nature and extent of the liability of the stockholders of a corporation to its creditors, but section 79 distinctly saves all existing rights and remedies of creditors and stockholders as of June 1, 1908, in comprehensive terms. It says: "Nothing herein shall release, affect or impair the rights of any creditor or creditors of any corporation or the obligations or liability of any corporation or of any stockholder or of any corporate officer existing on the said first day of June, in the year nineteen hundred and eight (1908) or the remedies to enforce or protect the same." Chapter 240 of the Acts of 1908 did not take effect until June 1, 1908, but Chapter 305 by its express terms took effect from the date of its passage. It was approved by the Governor on April 6, 1908, and was therefore in operation prior to June 1, 1908, and the rights and remedies conferred by it on creditors of corporations against their stockholders were within the saving clause of section 79 of Chapter 240.

In the case at bar, it will be seen that the suit was not brought until eighteen months after the Act had been passed, whereas in the *Pittsburg Steel Company* case the action had been brought months prior to the passage of the Act.

We, therefore, hold in this case for the reasons stated and for the reasons more fully considered in the *Pittsburg Steel Company* case, *supra,* that the Act of 1908, Chapter 305, is not invalid as impairing the obligations of a contract

under section 10 of Article 1 of the Federal Constitution, because it gives the creditor an alternative remedy in equity equally as adequate and efficacious. *Siebert* v. *Lewis,* 122 U. S. 284; *Bryan* v. *Virginia,* 135 U. S. 693.

The judgment will be affirmed with costs.

*Judgment affirmed, with costs.*