## HALL, treasurer, *v.* MARTIN, solicitor.

FISH, C. J.  I. Mandamus will not lie to compel the performance of an official duty, when there exists another specific legal remedy.  Civil Code (1910), § 5440.

2. Where the treasurer of a county sought by mandamus to compel the solicitor of a city court therein to pay into the treasury of the county certain funds arising from fines, forfeitures, etc., in such court, and which the applicant for the writ alleged the solicitor was not legally entitled to, but which, under the provisions of the act of the General Assembly creating such court and the office of its solicitor, it was his official duty to pay into the treasury of the county; and where in response to the rule nisi it was urged, as one of the reasons why a mandamus absolute should not be granted, that another specific legal remedy existed, to wit, a rule in such city court which could be brought by the treasurer against the solicitor, an officer of that court, to require him to pay to the treasurer the funds alleged to be illegally withheld by the solicitor from the treasury, which rule, if made absolute, could be enforced by an attachment for contempt: *Held*, that the judge of the superior court, upon the hearing of the rule nisi, did not err in refusing to grant a mandamus absolute.  See *Johnson v. Gilmer*, 113 *Ga.* 1146 (39 S. E. 469).

*Judgment affirmed. All the Justices concur.*
JULY 12, 1911.

Petition for mandamus.  Before Judge Littlejohn.  Lee superior court.  October 15, 1910.

*D. J. Ragan* and *Hollis Fort,* for plaintiff.

*Ware G. Martin,* for defendant.