## DeBERRY v. SPIKES, recorder.

No. 12843. June 14, 1939.

*Grover C. Powell* and *W. A. Mason,* for plaintiff.

*J. T. Thomasson,* for defendant.

GRICE, Justice. The defendant in error insists that there are other reasons why the judge properly denied the writ of mandamus. We find it necessary to discuss but one of them; for even if the application for mandamus be conceded to be in other respects sufficient, the judge properly declined to issue it, on the application of the principle stated in the headnote. The rule there announced is directly supported by the Code, § 64-101; *Hall* v. *Martin,* 136 *Ga.* 549 (71 S. E. 803); *Bearden* v. *Davis,* 139 *Ga.* 635 (77 S. E. 871); *Porter* v. *Garmony,* 148 *Ga.* 261 (96 S. E. 426); *Hogansville Banking Co.* v. *Hogansville,* 156 *Ga.* 855 (120 S. E. 604); *Lindsey* v. *Board of Commissioners of Colquitt County,* 169 *Ga.* 368 (150 S. E. 261). If that part of the answer of the respondent which is set forth above be treated as such a want of recollection as that contemplated by the Code, § 19-502, then by the very provision of that section it is made the duty of the judge to order a new trial to be had in the court below. It is no reply to this for counsel for plaintiff in error to say, as they do, that a new trial would be an empty boon, because "after being granted a new trial under the above Code section, there is nothing to prevent the recorder from being just as forgetful as on the previous occasion,

with the same results over and over again ad infinitum." Such a possibility does not affect the specific character or adequacy of the remedy.

If the answer as made be untrue, provision is made for a traverse, with opportunity for a jury trial thereon. Code, § 19-403. Another Code section provides for exceptions to the answer to the petition for certiorari. § 19-302. Thus it will be seen that our law does provide certain other plain, specific, legal remedies for the legal rights asserted by plaintiff in error; and hence, under the authorities cited, the right to mandamus is denied here.

*Judgment affirmed. All the Justices concur.*