MULLING, Junior Judge, *v.* HOULIHAN, Commissioner, *et al.*

No. 16748. SEPTEMBER 13, 1949.

*Gilbert E. Johnson,* for plaintiffs in error.

*Eugene Cook, Attorney-General, John J. Bouhan, Spence M. Grayson, Owen H. Page,* and *Albert L. Cobb,* contra.

HEAD, Justice. ■ It is contended that the amendment of 1949 (Ga. L. 1949, p. 393) violates the rights of the plaintiff in error under the Fourteenth Amendment of the Federal Constitution (Code, § 1-815), to wit: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; . . nor deny to any person within its jurisdiction the equal protection of the laws." The basis of this contention is that the act attempts to classify the salary of the plaintiff in error upon the fact of junior service, and it is urged that such classification is not reasonable, is arbitrary and unconstitutional.

In Turpin *v.* Lemon; 187 U. S. 51 (23 Sup. Ct. 20, 47 L. ed. 70), the Supreme Court of the United States laid down the following rule: "A plaintiff is bound to show that he has personally suffered an injury by the application of a law before he can institute a bill for relief to test its constitutionality." In Southern Railway Co. *v.* King, 217 U. S. 524 (30 Sup. Ct. 594, 54 L. ed. 868), the rule was stated as follows: "One who would strike down a statute as unconstitutional must show that it affects him injuriously and actually deprives him of a constitutional right." In this connection see also Tyler *v.* Judges, 179 U. S. 405 (21 Sup. Ct. 206, 45 L. ed. 252); Hooker *v.* Burr, 194 U. S. 415 (24 Sup. Ct. 706, 48 L. ed. 1046); Collins *v.* Texas, 223 U. S. 288 (32 Sup. Ct. 286, 56 L. ed. 439).

The plaintiff in error in no wise measures up to the rule stated. His salary has been increased by the act he would have declared unconstitutional. It is true that the other judges have had a correspondingly larger increase, but discrimination in the grant of favors is not a denial of the equal protection of the law. *Schlesinger* v. *Atlanta,* 161 *Ga.* 148 (129 S. E. 861, 64 A. L. R. 998). In order to attack the constitutionality of a statute under the equal-protection clause of the Fourteenth Amendment of the Constitution, on the ground of discrimination, the complaining party must show injury by the alleged discrimination. *Cooper Company of Gainesville* v. *State,* 187 *Ga.* 497, 501 (1 S. E. 2d, 436). The plaintiff in error in this case does not show injury by the discrimination, which grants to him a salary increase, and under neither the State nor the Federal decisions can he attack the constitutionality of a statute that has not injured him.

■ The provision of art. 3, sec. 7, par. 15, of the Constitution of 1945 (Code, Ann., § 2-1915), that "no office to which a person has been elected shall be abolished, nor the term of the office shortened or lengthened by local or special bill during the term for which such person was elected unless the same be approved by the people of the jurisdiction affected in a referendum on the question," is not violated by the amendatory act of 1949 (Ga. L. 1949, p. 393). Prior to the amendment of 1949, the plaintiff in error was an Associate Judge of the Municipal Court

of Savannah. He is still an Associate Judge. The fact that by the terms of the amendatory act he is classed as a "junior" judge in no wise affects his term of office. That a classification may now exist under the terms of the amendatory act, in that one of the judges is the "chief" judge, another "senior" judge, and the plaintiff in error the "junior" judge, does not change the office held, the duties thereof, nor the term.

The allegations of the response, that the act is inconsistent and violates the rights of the plaintiff in error, should a vacancy occur in the office of senior judge, in that the act gives to the commissioners of the county the right to fill such vacancy, presents no question for determination by this court. It is not shown that such provision in any manner violates either the Federal or State Constitution or any statutory law.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*