GRAY, next friend, *v.* GUNBY, Ordinary.

No. 16800. OCTOBER 11, 1949.

*Reuben A. Garland, Anthony Alaimo* and *Roland D. Harts-horn,* for plaintiff.

*W. S. Northcutt; Durwood T. Pye, E. A. Wright,* and *James W. Dorsey,* for defendant.

WYATT, Justice. ■ The petition in this case clearly shows that the plaintiff in error seeks to review what he claims to be an error in the judgment of the ordinary, dated May 18, 1949. Express provision is made in the Code, §§ 6-201 and 19-201, for the right of appeal and the right of certiorari from decisions and judgments rendered by the ordinary. The Code, § 64-101, provides that mandamus is available only "if there shall be no other specific legal remedy." This court has many times held that mandamus will not lie if there exists another legal remedy. Since, in this case, there was another complete remedy, there was no error in dismissing the petition.

■ An appeal from the ordinary's court must be filed within four days. Code, § 6-102. The petition in the instant case con-tains this language: "On May 7, 1949, Henry Gray as next friend of Vivian Gray amended his appeal by showing the ten-der of the accrued costs and by furnishing security for any fur-ther costs in said case, *said appeal being filed on same date.*" Construing the allegations of the petition most strongly against the pleader, as must be done, the petition alleges that the appeal was filed May 7, which was twelve days after the original judgment; and for this reason there was no error in dismissing the petition.

*Judgment affirmed. All the Justices concur, except Duck-worth, C. J., who concurs in the judgment, but dissents from headnote 1 and the corresponding division of the opinions; and Almand, J., disqualified.*