18906. LEDBETTER *et al. v.* CALLAWAY *et al.*

Argued March 15, 1955—Decided April 12, 1955—
Rehearing denied May 11, 1955.

*Sidney T. Schell,* for plaintiffs in error.

*Henry C. Crawford, Scott Walters, Jr., Albert A. Roberts,* contra.

Almand, Justice. John A. Callaway and R. J. Brown brought an equitable petition against Ledbetter Construction Company and named individuals as trustees of the Assembly of God Church of East Point. The petitioners, as citizens and property owners, sought to enjoin the defendants from proceeding with the building of a church at 717-19 East Cleveland Avenue in the City of East Point. It was alleged that the property on which the defendants proposed to erect the church had been zoned for residential purposes only, under Use U-1, and that a church is zoned under Use U-7, and said property could not be used for the purpose of erecting a church except after public notice and a hearing had been provided; that, under city ordinances, petitioners were entitled to notice and a hearing before there could be a variance of the use of said property from residential purposes, and they had not been given an opportunity to appear before the zoning and planning commission of the city, and in that regard have been denied their rights as citizens and property owners living in the immediate vicinity where the proposed church is to be erected. It was alleged that, unless the defendants be restrained from building the church, petitioners' property would be damaged in certain particulars set out in the petition. A temporary restraining order was granted on presentation of the petition.

The defendants filed their response, in which they asserted that the Zoning and Planning Commission of East Point had approved their application for change of the Use from U-1 to U-7; that a permit had been issued to the defendants, by the Building Inspector of East Point, and they were proceeding to make excavations for the erection of the church. They also filed written objections, in which they asserted that any law or ordinance that required a special permit or variation to build a church violated stated provisions of the State and Federal Constitutions.

The prayer for an interlocutory injunction was heard upon an agreed stipulation of facts, and the court entered an order restraining the defendants from proceeding with the erection of said church, and also overruled objections of the defendants attacking the constitutionality of the zoning law of 1946 and the zoning ordinances of the City of East Point. The defendants assign error on this order.

The undisputed evidence shows: The City of East Point in 1939 adopted a comprehensive zoning ordinance, whereby the property in question was classed for U-1 use—residential purposes. Under class U-7, provision was made for churches, and under the ordinance, before a church could be erected in a district zoned for residential purposes, a special permit was required from the zoning and planning commission, which, after public notice and hearing, was authorized to vary the use and regulation so as to substantially serve the public convenience and "not substantially and permanently injure the appropriate use of the neighboring property." The defendants appeared at a regular meeting of the zoning and planning commission on October 28, 1954, and orally requested that this described property be zoned for church purposes, and no public notice was given as required by the city ordinance. The commission approved the application of the defendants, and on November 15, 1954, the city building inspector issued a permit to them to erect a church on said property. The City Council of East Point on November 1, 1948, adopted a resolution, whereby they declared the act approved January 31, 1946 (Ga. L. 1946, pp. 191-203), to be effective within said city, and that the East Point zoning ordinance of 1939 had been by resolution made to comply with the general zoning act of 1946.

Under the zoning act of 1946, authorizing the several municipalities of this State to enact zoning and planning ordinances, it is provided that the provisions of said act would become effective in any municipality then having a system of zoning and planning, if the governing authorities of such municipality should by resolution declare the act to be effective therein. From the stipulated facts it thus appears that, at the time the permit was issued by the Building Inspector of East Point authorizing the erection of said church, the zoning act of 1946 was effective in East Point, and that the city had by proper resolution adopted a zoning ordinance to conform to the State statute. Under sec. 10 of the act of 1946, the City of East Point was required to provide for a board of adjustment of not less than 3 nor more than 5 members. This board was given power: "To hear and decide appeals where it is alleged by appellant that there is an error in any order, requirement, decision or determination made by an administrative official or agency in the enforcement of this act or of any regulation adopted pursuant thereto"; and "To authorize upon appeal in specific cases such variance from the terms of such regulations as will not be contrary to the public interest, where, owing to special conditions full[y] demonstrated on the basis of the facts presented, literal enforcement of the provisions of the regulations will result in great practical difficulties or unnecessary hardship, and so that the spirit of the regulation shall be observed and substantial justice done." This section of the act further provides that appeals may be taken to the board of adjustment by any person or persons having a substantial interest in any decision of an administrative officer or agency seeking to function under authority of any city ordinance, and that the board of adjustment shall fix a reasonable time for the hearing of the appeal, give such notice as it may deem necessary to acquaint the parties interested in the decision, as well as due notice to the parties to the appeal, and decide the same within a reasonable time. This section also provides that from an adverse decision a dissatisfied party could appeal the order of the board, within 30 days after the date of the order, to the superior court of the county in which such municipality lies. Under the zoning act of 1946, the City of East Point was re-

610

quired to set up a planning board, and this board was not given any authority to grant special permits or permit a variance in the use of property previously zoned.

It appears from the record that a special permit was issued by the building inspector to the trustees on November 15, 1954, and the equitable petition was filed on November 19, 1954. The petitioners' whole attack complaining of the building of the church is based upon their contention that the planning commission approved a variance in the use of the property and issued a building permit without giving them notice and an opportunity to be heard under the provisions of the zoning ordinance of 1939. No attack is made on the validity of the act of the building inspector in issuing the building permit. It is presumed that the building inspector acted within his authority and according to rules and regulations of the zoning ordinance. *New Mission Baptist Church v. City of Atlanta*, 200 *Ga.* 518 (1) (37 S. E. 2d 377). The provisions of the ordinance of 1939, which gave to the planning commission authority to make a variance in the use of property, were superseded by the City of East Point electing to come under the provisions of the act of 1946. Under this act, the sole authority to issue special permits varying the use of property previously zoned was vested in the board of adjustment. Under the provisions of this act, the property owners dissatisfied with the act of the building inspector in issuing the permit to erect a church had the right under section 10 to appeal from the order of the building inspector to the board of adjustment. It thus appears that the petitioners in this case had a complete and adequate remedy at law, and the extraordinary remedy of injunction does not lie in favor of one who has an adequate remedy at law. Code §§ 37-120, 55-101; *Rice v. Mayor &c. of Macon*, 117 *Ga.* 401 (43 S. E. 773). From the agreed statement of facts, stating that the City of East Point had fully complied with the act of 1946, we assume that there was a board of adjustment in existence at the time this application for injunction was filed. Such being the case, the petitioners, by appeal to this board, had an adequate remedy as to the matters in which they are now seeking injunctive relief. See, in this connection, *City of Atlanta v. Blackman Health Resort*, 153 *Ga.* 499 (11) (113 S. E. 545); *Washington Seminary v. Bass*, 192

*Ga.* 808 (1) (16 S. E. 2d 565); *Kirkpatrick* v. *Candler*, 205 *Ga.* 449 (53 S. E. 2d 889); *Rozier* v. *Redwine*, 211 *Ga.* 208 (3, 4) (85 S. E. 2d 34). See also annotation on variations of zoning regulations, 168 A. L. R. 13, 130.

It follows from what has been said above that it was error for the court to grant an interlocutory injunction.

In view of the foregoing rulings, it becomes unnecessary to pass upon the constitutionality of the statute and ordinances attacked by the defendants in their written objections. In view of the fact that the trial court did expressly pass upon these objections and overruled them, and since, in view of our rulings, it was unnecessary to pass upon such constitutional questions, direction is given that the trial court, on the return of the remittitur in this case, vacate the order complained of in its entirety.

*Judgment reversed with direction. All the Justices concur.*