19313. WOFFORD *v.* PORTE.

SUBMITTED MAY 16, 1956—DECIDED JULY 10, 1956— REHEARING DENIED JULY 24, 1956.

534

*Newell Edenfield, J. C. Savage, J. C. Murphy, J. M. B. Blood-worth, Henry L. Bowden, Robert S. Wiggins, Ferrin Y. Matthews,* for plaintiff in error.

*William J. Wilkerson,* contra.

DUCKWORTH, Chief Justice. The complaint here is because the Building Inspector of the City of Atlanta denied an application for permits to add one bathroom and one porch to a building located in an area zoned to a one- and two-family dwelling use. The zoning ordinance forbids structural changes, which are defined as: "Any change in the supporting members of a structure, such as bearing walls or partitions, columns, beams or girders, or any substantial change in the roof or in the exterior walls." There is created by the zoning ordinance a board of adjustment, and appeal from decisions of the building inspector to this board is provided for therein. On such appeal this board is authorized to reverse the building inspector and even allow alterations forbidden by the ordinance when such is necessary to alleviate hardship and will serve the public convenience and welfare.

The property owner has made no attempt to obtain the permits by pursuing the plain remedy afforded her under the ordinance. Mandamus is never an available remedy when there is a plain specific legal remedy. Code § 64-101; *DeBerry* v. *Spikes,* 188 *Ga.* 222 (3 S. E. 2d 719); *Gray* v. *Gunby,* 206 *Ga.* 63 (55 S. E. 2d 588).

The case is different from that of *Gay* v. *City of Lyons,* 209 *Ga.* 599 (74 S. E. 2d 839), which holds that mandamus will lie when the plaintiff contends that the zoning ordinance prohibiting the permit is unconstitutional and there is no other adequate rem-

edy to secure a determination of that question. Whether or not the *Lyons* case is sound, here the property owner, instead of doing as the owner there did by directly attacking the ordinance as unconstitutional, merely prayed for mandamus and thereafter demurred to the answer on the ground that the construction would not violate the ordinance, but if it be construed that the work did not violate it, the ordinance is unconstitutional.

There being an adequate remedy at law and no valid constitutional attack on the ordinance having been made such that mandamus would lie, it was error to grant the writ of mandamus. *Ledbetter* v. *Callaway*, 211 *Ga.* 607 (87 S. E. 2d 317).

*Judgment reversed. All the Justices concur except Head, J., who dissents. Mobley, J., concurs in the judgment, but not in all that is said in the opinion.*

HEAD, Justice, dissenting. I dissent from the opinion in the present case, and the judgment of reversal. The petition is based upon the refusal to issue a permit required by the Building Code of the City of Atlanta, alleged to have been adopted by ordinance on March 6, 1950. The defendant's answer sets up certain provisions of the 1954 Zoning Ordinance of the city, which, in my opinion, are not applicable to the issues made by the petition.

The petition sets out the provisions of § 102 of the Building Code, wherein it is provided that it shall be unlawful to commence the construction, alteration, or repair of any building without first filing an application in writing and obtaining a permit in conformity with § 103. A copy of the application filed is attached as an exhibit. Section 103 of the Building Code provides for examination of the application by the building official, and the issuance of a building permit.

The petition also pleads § 108 of the Building Code, wherein it is provided that, if any person shall be dissatisfied with any ruling or order of the building official, he may make a written request to the chairman of the Building Code Advisory Board to name an appeal board from the advisory board. On appeal the advisory board shall render its opinion "concurring in, or recommending such changes in the order, ruling or decision of the building official as it may deem fit and proper under the circumstances." Any advice, decision, order, or findings of the board may be accepted or rejected, in whole or in part, by the building official in his discretion.

The answer of the defendant admits the pleaded provisions of the Building Code. Therefore, since the Building Code Advisory Board has advisory powers only, on appeal, no adequate relief was provided by law for the petitioner to require the issuance of a permit under the applicable provisions of the Building Code, as pleaded by the petitioner. The petition alleges that the building official stated that he was not bound by any action of the Building Code Advisory Board, and that an appeal would be useless. "While it is the general rule that this writ [mandamus] will not lie to compel performance of official duty when there is any other specific legal remedy, it is also the rule that the law will not require a party to do a vain or useless thing before undertaking to assert his rights." *Loftis Plumbing &c. Co.* v. *Quarles*, 188 *Ga.* 404, 408 (3 S. E. 2d 725). The *Loftis* case is in point on its facts as to no other available remedy, and should control the judgment in the present case.

In his amended answer (paragraphs 7 to 16 inclusive), the defendant alleges that the plaintiff made an application in October, 1953, for a permit to add two rooms and a bath in her basement, that subsequently to the completion of the construction, the plaintiff converted the basement into two separate housekeeping units, in violation of § 102 of the Building Code, and article 4, section 5, paragraph 2 of the 1954 Zoning Ordinance of the city. It is then alleged that *the plaintiff applied for a permit to add a bathroom and a porch; that without inspection the permit was issued, and upon inspection of the work the building inspector discovered the previous violation;* whereupon the inspector revoked the permit and ordered the plaintiff to stop all work.

The defendant does not plead any ordinance under either the Building Code adopted March 6, 1950, or the Zoning Ordinance adopted in December, 1954, or any charter power of the city, which purports to limit or restrict the number of bathrooms or porches a residence may have. As was said by Mr. Justice Hawkins, speaking for the court, in *Jordan* v. *Orr*, 209 *Ga.* 161, 162 (71 S. E. 2d 206), "We know of no legal reason why 'one residence' should not have more than one bedroom, one bathroom, or one kitchen." A lawful use of property should not be denied upon the theory pleaded and relied upon by the building official in the present case. The General Zoning Law (Ga. L. 1946,

pp. 191, 201, § 16), adopted by the city (Ga. L. 1952, p. 2731), sets forth the methods authorized by law to abate a violation of a zoning ordinance. The charter amendment of 1955 (Ga. L. 1955, p. 3080) makes it the duty of the building official to enforce the provisions of the Building Code, the Zoning Ordinance, the Slum Clearance Ordinance, and other ordinances pertaining to construction. The multiple duties assigned the building official under the charter amendment of 1955 (Ga. L. 1955, p. 3080) must be discharged within the scope of the remedies provided by law. In the present case the building official did not act within the scope of the law (Ga. L. 1946, pp. 191, 201, § 16), and his arbitrary, unauthorized, and illegal acts constitute no defense to the petition for mandamus.

Under the ruling of this court in *Tarver* v. *Mayor &c. of Dalton*, 134 *Ga.* 462 (67 S. E. 929), 29 L. R. A. (NS) 183, 20 Ann. Cas. 281), it would have been error for the judge of the superior court to refuse to make the mandamus absolute. The trial judge did not rule on any constitutional question. He simply held that the answer of the defendant failed to show any reason why the plaintiff should not have a building permit. Questions not ruled upon in the trial court should not be considered on review in this court. The plaintiff having brought her case under the provisions of the Building Code of the City of Atlanta, she was not required to anticipate that the defendant would plead zoning ordinances which are not applicable to her case.