## 19511. WOFFORD *v.* CITY OF GAINESVILLE *et al.*

Argued November 13, 1956—Decided January 15, 1957—Rehearing denied February 13, 1957.

*Irwin R. Kimzey, Herbert B. Kimzey, Kimzey & Kimzey,* for plaintiff in error.

*J. E. Palmour, Jr.,* contra.

Mobley, Justice. George W. Wofford brought a petition for mandamus against named individuals as mayor, city commissioners, recorder, clerk, and building inspector of the City of Gainesville, seeking to compel the issuance to him of a building permit to construct a church on described realty owned by him in the City of Gainesville. He alleged that in 1955 the General Assembly had passed an act (Ga. L. 1955, p. 2163) which was adopted by the city commissioners "as shown by the ordinances of the City of Gainesville, and is known and designated 'Zoning Ordinance of the City of Gainesville. Georgia.'" He also alleged the title to the said ordinance; and further alleged that he had complied with all applicable rules, regulations, and ordinances of the City of Gainesville with reference to obtaining a building permit, and "that the only basis of refusal of the same was purportedly the purported zoning ordinances set forth." He attacked upon various constitutional grounds the validity of the act of 1955 and the alleged ordinance of the City of Gainesville. The general demurrer to the petition was sustained and the petition dismissed. To this judgment he excepts.

1. The act of 1955 does not undertake to zone property within the City of Gainesville, but simply confers upon the city commission the authority to adopt by ordinance regulations respecting zoning and measures to enforce such regulations. It does not prohibit the plaintiff from building a church upon his property. If any such prohibition exists, it must be found in the ordinances of the City of Gainesville adopted pursuant to the authority conferred upon the city by the act. No ordinances of the City of Gainesville are attached to the plaintiff's petition. The only

ordinance or part of an ordinance that is alleged in the petition is as follows: "Sec. 61. Residence I District: Within a Residence I (R-I) District as shown on the Zoning Map of Gainesville, Georgia, the following use provisions shall apply. 61.1 Uses Permitted: H. Churches provided they are located on a lot front-in[g] a major artery or connecting route and are placed not less than 50 feet from any property line with required off-street parking spaces separated from property lines by a planted buffer strip at least ten feet in width." The petition alleges that the only basis of the defendants' refusal to issue him a permit was the purported ordinances set forth. It is evident from the above-quoted ordinance that churches may be built in a residential district, provided the building regulations set out in section 61.1 H are complied with. The petition does not allege that the plaintiff proposes to build a church that does not comply with these regulations; he does not allege that his property lies within a district which is zoned to prohibit churches; he does not allege facts to show that the above-quoted ordinance prevents the defendants from issuing him a permit; and he does not allege that his property has been zoned. Based upon the facts alleged in the petition, it is plain that the provision of the ordinance, which the plaintiff alleges to be the basis of the refusal to issue him a permit, does not deny him the right to build a church, but expressly permits the building of churches in a R-I zone. The facts alleged do not justify the conclusion of the plaintiff that this provision of the ordinance and the act of 1955 denies him any rights under the Constitutions of Georgia and of the United States. There being no facts alleged which show that the plaintiff has been injuriously affected by the provisions of the city ordinance set out in his petition, he is not in a position to attack as unconstitutional the ordinance or the act of 1955, pursuant to which the ordinance is alleged to have been passed. "One who would strike down a statute as unconstitutional must show that it affects him injuriously and actually deprives him of a constitutional right." Southern Ry. Co. v. King, 217 U. S. 524 (30 Sup. Ct. 594, 54 L. ed. 868); Turpin v. Lemon, 187 U. S. 51, 60 (23 Sup. Ct. 20, 47 L. ed. 70); Mulling v. Houlihan, 205 Ga. 735, 737 (55 S. E. 2d 150). Upon the same principle, there is no merit in the plaintiff's contention that the act of 1955 is null and void

because it changes the form of government of the City of Gainesville and has not been voted on by the qualified voters of the city as required by Code § 69-101. No facts are alleged in the petition to show that the plaintiff's rights have been injuriously affected by the act, and hence he is not in a position to challenge its validity.

2. In the absence of a valid attack upon the act of 1955 or the ordinance, there is a legal presumption of their constitutionality and validity. *Culbreth* v. *Southwest Ga. Regional &c. Auth.,* 199 *Ga.* 183 (2) (33 S. E. 2d 684); *Mayes* v. *Daniel,* 186 *Ga.* 345 (1), 350 (198 S. E. 535); *Moore* v. *City of Thomasville,* 17 *Ga. App.* 285 (86 S. E. 641); 62 C. J. S. 389, § 208. From the petition it appears that the City of Gainesville has established a board of zoning appeals. The act of 1955 provides that, where such a board is established, it shall have power "to hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of any ordinance adopted pursuant to this act." The act further provides that, in the exercise of its powers, the board may reverse, affirm, or modify decisions appealed from, and "shall have all the powers of the officer from whom the appeal is taken and may issue or direct the issuance of a permit." The petition does not allege that the plaintiff has appealed to the board of zoning appeals from the decision of the defendants denying him a building permit. There is no reason alleged why such an appeal was not made or why an appeal if made would not be effectual in obtaining the permit which he desires. "The property owner has made no attempt to obtain the permits by pursuing the plain remedy afforded her under the ordinance. Mandamus is never an available remedy when there is a plain specific legal remedy. Code § 64-101; *DeBerry* v. *Spikes,* 188 *Ga.* 222 (3 S. E. 2d 719); *Gray* v. *Gunby,* 206 *Ga.* 63 (55 S. E. 2d 588)." *Wofford* v. *Porte,* 212 *Ga.* 533, 534 (93 S. E. 2d 690). No valid attack upon the ordinance having been made in the instant case, and there being a complete and adequate remedy at law which the plaintiff has failed to pursue, it was not error to deny the writ of mandamus.

3. There is no merit in the contention that the instant case is controlled by the decision in *Gay* v. *City of Lyons,* 209 *Ga.* 599

(74 S. E. 2d 839), wherein it was held that an applicant for a building permit could seek the issuance of such permit by a writ of mandamus, even though there existed a board of adjustment to which he could appeal the order denying him a permit, where the applicant made a valid constitutional attack upon the ordinances under which the permit was denied, and the petition plainly showed that the remedy by appeal was not an adequate legal remedy under the facts of that case. In the instant case, as shown above, the allegations of the petition do not show that the ordinance in question deprives the plaintiff of the right to build a church upon his property, and it would appear that the action of the defendants in denying him a permit, if based upon this ordinance, as is alleged to be the case and taken as true upon demurrer, is subject to reversal upon appeal to the board of zoning appeals.

4. Applying the above principles of law to the facts of this case, it was not error for the trial court to sustain the general demurrer and to dismiss the petition.

*Judgment affirmed. All the Justices concur.*