### 20943. BRANTON v. PHILLIPS *et al.*

HAWKINS, Justice. On a petition by E. W. Phillips, Francis Woolley, and H. W. Robinson against Robert L. Branton, Jr., to enjoin the defendant from constructing a building on a described lot in the City of East Point on the ground that the construction thereof would be in violation of the zoning ordinances of the city, the trial judge entered the following judgment: "The defendant [Branton] herein is permanently restrained and enjoined from building any type of building whatsoever on the property listed in said petition [as 1209 Avebury Drive] so long as the Zoning Ordinance of the City of East Point, Georgia, prohibits the building of any type dwelling or building on the property listed in said petition." There was no exception to this judgment. Thereafter, and on February 10, 1960, on application of the defendant Branton to the Board of Adjustment of the City of East Point, which city had adopted as effective in said city the zoning act approved January 31, 1946 (Ga. L. 1946, pp. 191-203), the said Board of Adjustment ratified the building permit No. 1236 previously issued by the proper city authority to the de-

fendant Branton authorizing the construction of a building on the said lot, established a set-back, or building line, of not less than 30 feet, and provided "We ratify' the zoning in this area and as pertains to this particular lot as being U-1 use." Thereafter, Branton began the construction of the building, and the plaintiff brought a rule to have him adjudged in contempt for violating the injunction previously granted. In response thereto the defendant pleaded the subsequent actions of the Board of Adjustment, and contended that his action in compliance therewith was in good faith, and not in violation of the previous injunction. The trial judge held the defendant in contempt, and to that judgment he excepts. *Held:*

1. *Code Ann.* § 69-827 (Ga. L. 1946, pp. 191, 198) provides: "Any person or persons who may have a substantial interest in any decision of the board of adjustment, or any officer, board or bureau of the said municipality, may appeal from any decision of the said board of adjustment to the superior court in and for the county in which such municipality lies by filing with the clerk of the said court a petition in writing setting forth plainly, fully and distinctly wherein such decision is contrary to law. Such appeal will be filed within 30 days after the decision of the board of adjustment is rendered." If the plaintiffs in this proceeding wished to contest the validity of the actions of the Board of Adjustment in declaring the lot here involved as being zoned for U-1 use, and authorizing the defendant to construct the building described in his application, their remedy provided by the zoning act was to appeal to the superior court, and not by rule for contempt. *Ledbetter v. Callaway,* 211 Ga. 607 (87 S. E. 2d 317).

2. The Board of Adjustment having subsequently to the grant of injunction declared the lot in question to be zoned for the use to which the defendant proposed to put it, and having expressly authorized the defendant to construct his building under the permit previously issued to him, from which action of the Board of Adjustment no appeal had been entered, and the trial judge having found that the defendant had proceeded on the advice of counsel, who had acted in good faith, it was error to adjudge the defendant in contempt of the judgment which enjoined him only "so long as the Zoning

Ordinance of the City of East Point, Georgia, prohibits the building of any type dwelling or building on the property listed in said petition." *Coffey v. City of Marietta,* 212 Ga. 189 (91 S. E. 2d 482).

*Judgment reversed. All the Justices concur.*

ARGUED JULY 12, 1960—DECIDED SEPTEMBER 8, 1960.

*Sidney T. Schell, Fraser & Schell,* for plaintiff in error.

*Robt. C. Field, John E. Rogers, Palmer H. Ansley, Smith, Field, Ringel, Martin & Carr,* contra.