25240. HARPER v. BURGESS, Clerk.

FRANKUM, Justice. By her petition for mandamus, the plaintiff sought to compel the Clerk of the Superior Court of DeKalb County to file a complaint for divorce without requiring her to make a "cost deposit" as required by *Code* § 24-3406 as amended, and to permit her to file with her complaint a pauper's affidavit in lieu of such deposit. She alleged and contended that the provisions of the aforesaid Code section and of the last sentence of Section 2 of the Act approved March 7, 1955 (Ga. L. 1955, p. 584; *Code Ann.* § 24-3413) forbidding the filing of a pauper's affidavit in a divorce action are invalid because they deny to the plaintiff equal access to the courts as guaranteed by the Constitution of the State of Georgia, Art. I, Sec. I, Par. IV, and denied to the plaintiff equal protection of the laws as guaranteed to her by the 14th Amendment of the U. S. Constitution, in that they infringe upon the plaintiff's right to marry. She alleged that prior to the commencement of this action, she had tendered to the defendant a petition for divorce together with a pauper's affidavit in lieu of the "$15 filing fee," copies of which documents she alleged were attached to her petition as exhibits, and that the defendant refused to file the same because the plaintiff had not tendered the "$15 filing fee." She prayed for a mandamus nisi directed to the defendant requiring him to show cause why a mandamus absolute should not be issued against him requiring him to accept and file her divorce

petition and her pauper's affidavit and that at the hearing of the cause the mandamus be made absolute. No copy of her petition for divorce and pauper's affidavit therein was attached to her petition as alleged. A mandamus nisi was issued and served upon the defendant; defendant filed his defenses, and upon the hearing the judge presiding in the case rendered a judgment denying the mandamus absolute. The plaintiff appealed.

1. It is an established rule of this court that it will never decide a constitutional question if the decision of the case presented can be made upon other grounds. *Great A. & P. Tea Co. v. City of Columbus,* 189 Ga. 458, 465 (6 SE2d 320); *Bagwell v. Cash,* 207 Ga. 222 (4) (60 SE2d 628). And the constitutionality of a statute will not be passed upon by this court unless it clearly and distinctly appears from the record that such question was passed upon by the trial judge. *Brunswick Peninsular Corp. v. Daugharty,* 203 Ga. 454, 456 (47 SE2d 275); *State Hwy. Dept. v. Kirchmeyer,* 222 Ga. 79, 80 (148 SE2d 387). Since it is the view of this court that the decision of the trial judge refusing to grant the mandamus absolute can be sustained on other grounds, and since the order appealed from did not clearly and distinctly pass upon the constitutional question sought to be raised by the petition for mandamus, this court upon application of the foregoing rules will decide the case on other grounds and decline to pass upon the constitutional question.

2. Mandamus is a harsh remedy. The writ ought not to be granted unless a defect in legal justice would ensue from failure to grant it. *Code* § 64-101. Nor should the writ be granted unless its grant would afford to the applicant some material advantage. *Smith v. Hodgson,* 129 Ga. 494 (2) (59 SE 272); *Bentley v. Crow,* 212 Ga. 35, 36 (89 SE2d 887); *Sauls v. Winters,* 215 Ga. 515, 517 (111 SE2d 41). In this case the applicant, contrary to the allegations contained in her petition, failed to attach a copy of her petition for divorce, and this court cannot tell, therefore, whether the grant of the writ of mandamus to her, even if proper, would be of any benefit to her. Furthermore, in her brief and argument before this court, her counsel states: "Appellant does not even suggest that she has a right to a divorce." Under these circumstances, it appears that the appellant, to say the least, has failed to show that the grant of the writ would be in any wise

beneficial to her, and she cannot, under the principles announced above, have the aid of the writ of mandamus to compel the clerk to file her petition for divorce.

3. It is fundamental that the writ of mandamus is never available where there exists another specific remedy available to the petitioner. *Hall v. Martin,* 136 Ga. 549 (1) (71 SE 803); *Cheek v. Eve,* 182 Ga. 30 (184 SE 700); *DeBerry v. Spikes,* 188 Ga. 222 (3 SE2d 719); *Gray v. Gunby,* 206 Ga. 63 (1) (55 SE2d 588); *Westberry v. Taylor,* 215 Ga. 464 (1) (111 SE2d 77); *Solomon v. Brown,* 218 Ga. 508, 509 (128 SE2d 735). In this case it is plain that the real and substantial relief which the plaintiff seeks, that is, the right to file a complaint for divorce on a pauper's affidavit without first making the advance deposit demanded by the clerk was denied to her by the defendant clerk of the superior court because he considered the law to forbid him to file her complaint under those circumstances; and that the right to this real and substantial relief depends upon a declaration by the court that the law upon which the clerk relied in refusing to file her complaint is unconstitutional. It must be presumed that the clerk will, without the necessity of the issuance of a writ of mandamus against him, do his duty and obey the law as enacted by the legislature and as declared and interpreted by the courts, and that if the law upon which he now relies be declared by a court of competent jurisdiction to be unconstitutional that he will file the plaintiff's complaint for divorce upon the tender therewith of a sufficient pauper's affidavit. A declaratory judgment action is an especially and particularly appropriate method of determining a controversy with respect to the constitutionality of an Act of the legislature. 26 CJS 130, Declaratory Judgments, § 46 (a). An action for a declaratory judgment has been held by this court to be an available remedy to test the constitutionality of a statute in a case where an actual controversy exists with respect thereto. See *Hansell v. C. & S. Nat. Bank,* 213 Ga. 205 (98 SE2d 622) and *Jenkins v. Manry,* 216 Ga. 538, 540 (118 SE2d 91). It follows that the plaintiff has as another available remedy, an action for declaratory judgment to test the validity of the statute which she claims is unconstitutional, and that she cannot, so long as such a remedy is available to her, resort to the harsh remedy of mandamus to compel the clerk to file her petition for divorce.

4. It follows that the trial court did not err in refusing to issue mandamus absolute.

*Judgment affirmed. All the Justices concur.*

Argued-June 12, 1969—Decided July 10, 1969.

*Janet F. Aserkoff, Lucy S. Forrester,* for appellant.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellee.