### 34591. McGARVEY v. BOARD OF ZONING APPEALS OF THE CITY OF THOMSON.

HALL, Justice.

Following an adverse decision of the Thomson Board of Zoning Appeals, McGarvey filed a "Petition for Mandamus" in McDuffie County Superior Court asking that the board be commanded to cease its opposition to the building permit previously issued to her. The trial court granted the board's motion to dismiss, made on the ground that McGarvey had not exercised her appeal right set out in Code Ann. § 69-1211.1. The trial court also denied McGarvey's motion to be allowed to convert her mandamus application into an appeal, ruling that since no valid petition for writ of mandamus had ever been filed there was nothing to amend by.

Mandamus is not available where another remedy exists, and thus to the extent that an appeal was available to plaintiff, her mandamus action will not lie. Code Ann. § 64-101; *McClung v. Richardson,* 232 Ga. 530 (207 SE2d 472) (1974); *Wofford v. City of Gainesville,* 212 Ga. 818, 820 (96 SE2d 490) (1957); *Wofford v. Porte,* 212 Ga. 533 (93 SE2d 690) (1956); *Gray v. Gunby,* 206 Ga. 63 (55 SE2d 588) (1949); *Hall v. Martin,* 136 Ga. 549 (71 SE 803) (1911). See also *Bentley v. Chastain,* 242 Ga. 348 (249 SE2d 38) (1978).

It is important to remember, however, that under the CPA a petition should not be dismissed solely because of the label one gives an action. There is but one form of action to be known as a "civil action." Code Ann. § 81A-102. In addition, "All pleadings shall be so construed as to do substantial justice." Code Ann. § 81A-108.

McGarvey's petition was filed within the time prescribed for an appeal under Code Ann. § 69-1211.1 and

in the proper court for an appeal. The substance of the petition is the same as that of an appeal. In our opinion, the trial court erred in denying her motion to treat the pleading as an appeal under Code Ann. § 69-1211.1.

*Judgment reversed and remanded. All the Justices concur.*

ARGUED MARCH 12, 1979 — DECIDED MAY 31, 1979.

*M. F. Martin, III,* for appellant.
*Jack D. Evans, William M. Wheeler,* for appellee.