### 20626. WESTBERRY *v.* TAYLOR *et al.*

HAWKINS, Justice. L. L. Westberry filed a petition for mandamus in Berrien Superior Court against five named persons as the duly appointed, acting, and qualified members of the Board of Education of Berrien County, Georgia, and W. H. Outlaw, as the duly elected, acting, and qualified Superintendent of Schools of Berrien County, in which petition he alleged: that on June 30, 1958, he entered into a contract with the Board of Education of Berrien County to teach in the Berrien County schools for a period of three years, copy of the contract being attached as an exhibit to the petition, and he did teach in the Berrien County schools during the school year of 1958-59, under the terms of said contract; that he was licensed to teach in the State of Georgia, had fully performed all of the obligations imposed on him by said contract, and stood ready, willing, and able to fully abide by and carry out all of the terms and conditions of the contract; that on April 18, 1959, he was advised by letter from Larry

Taylor, Chairman of the Berrien County Board of Education, and W. H. Outlaw, County School Superintendent, that he would not be re-employed for the year 1959-60; that, prior to the notice, he had not been given a hearing by the Board of Education, nor were any charges preferred against him by anyone, and that he had not had an opportunity to present his defense; that he had demanded of the defendants a hearing under the terms and provisions of the law embodied in Code (Ann.) § 32-912, but had not been given a hearing. He prayed that he be reinstated in his position as a teacher at the Berrien County High School. A general demurrer was filed, which was sustained and the petition dismissed. The exception is to this judgment. *Held:*

1. "The right to the extraordinary aid of mandamus does not exist when there is available to the party seeking the writ a specific legal remedy." *DeBerry* v. *Spikes*, 188 *Ga.* 222 (3 S. E. 2d 719).

2. Code (Ann.) § 32-912, relied on by the plaintiff in error, specifically provides that the county board of education "may suspend teachers for nonperformance of duty, incompetency, immorality or inefficiency, and for other good and sufficient cause: Provided, however, the . . . teacher shall be given (1) a hearing on the charge or charges preferred against him, (2) 10 days' written notice of the time and place of said hearing—such notice will contain a brief general statement and enumeration of the charge or charges, (3) an opportunity to present his defense, and (4) upon request be furnished with compulsory process issued by said board requiring the attendance of witnesses and the production of documents and other papers as provided by law. . . In each case an appeal may be taken to the State Board of Education by the filing with the said State Board of Education, within 30 days after rendition of the decision of the county board, a notice of appeal, together with a copy of the record or transcript adduced upon the hearing and certified by the president of the said county board." Being dissatisfied with the action which the defendants took on April 18, 1959, the plaintiff had a legal right to file his objections thereto with the county board of education and have them heard by it while sitting as a court; and if that board had decided against him upon the testimony submitted, he had the right of appeal to the State Board of

Education as a reviewing tribunal. *Patterson* v. *Boyd,* 211 *Ga.* 679, 682 (87 S. E. 2d 861).

3. While the petition alleges that the plaintiff had demanded of the defendants a hearing under the terms and provisions of the law embodied in Code (Ann.) § 32-912, but has not been given a hearing, this mandamus proceeding does not seek such a hearing.

4. The petition alleges no cause of action for the writ of mandamus to compel the defendants to reinstate the plaintiff as a teacher at the Berrien County High School, and the trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1959—DECIDED OCTOBER 9, 1959— REHEARING DENIED NOVEMBER 4, 1959.

*Hugh D. Wright, Elsie H. Griner,* for plaintiff in error.
*William D. Knight, H. W. Lott,* contra.