## BEACH v. CO-OPERATIVE SAVINGS & LOAN ASSOCIATION OF SIOUX FALLS.

A subscriber to building and loan association stock, subject to a by-law providing that members withdrawing before maturity would be charged a fee of $12 per share of $100, and a sum not to exceed one-twelfth of 1 per cent. per share a month, to defray expenses, is bound by the by-law, in view of Laws 1893, Chap. 40, § 5, empowering such an association to make by-laws providing for the deduction of "all fines and other charges" from payments that had been made by a withdrawing member, and the profits coming to him.

(Opinion filed April 5, 1898.)

Appeal from circuit court, Minnehaha county.

Action to recover the value of certain shares of stock in a building and loan association.   Defendant had judgment and plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*Robertson & Dougherty,* for appellant.

*A. B. Kittredge,* for respondent.

FULLER, J.   Plaintiff, a member of the defendant association, and holder of ten $100 shares of stock in what is denominated "Class F," desiring to withdraw the same before maturity, demanded, after giving the required notice, $258.75, which he regards as the stock's present cash value; and, upon refusal to pay more than $101.25, a tender of which is being

kept good, he commenced this action to recover the full amount claimed, and now appeals to this court from an order overruling a demurrer to the defendant's answer upon the ground that the same "does not state facts sufficient to constitute a defense or counterclaim." By the demurrer it is admitted that appellant, in his application for shares in the respondent association, "agreed that a fee of $12 a share might be charged against his certificate if withdrawn before maturity, and that he subscribed for said stock subject to the by-laws, special terms, and conditions of the defendant association, and that among the terms and conditions regulating and governing class F stock, and agreed and subscribed to by the plaintiff in his application, are the following, to-wit: 'Terms and Conditions, Class F, * * * 5th. Members withdrawing before maturity, or changing stock to another class, will be charged a withdrawal fee of twelve dollars per share. * * * 10th. A sum not to exceed one-twelfth of one per cent per share (par value) a month may be used to defray the necessary expenses.'" Appellant having fully complied with all the essential requirements of the association, and the amount tendered being in strict conformity with the foregoing terms, and conditions, the only question is whether, under the statute, a withdrawal fee of $12 per share may be withheld for the general benefit of the remaining shareholders, and one-twelfth of 1 per cent per share (par value) a month may be used to defray necessary expenses.

By Chap. 40 of the Laws of 1893, the legislature has provided a scheme for the formation and management of associations like respondent; and Sec. 5 thereof provides that: "Every share of stock issued by such association shall be subject to a lien for the payment of unpaid installments, fines, taxes and other charges incurred thereon under the provisions of the articles of association and by-laws, and the by-laws may prescribe the form and manner of enforcing such lien. * * * And any stockholder wishing to withdraw the amount paid in

by him to such association shall have the right to do so by giving thirty (30) days' notice of his intention to so withdraw, when such stockholder shall be entitled to receive the amount paid in and such proportion of the profits as the by-laws may determine, less all fines and other charges." Sec. 17: "Such association shall have power to adopt by-laws not inconsistent with the provisions of this act, defining the * * * mode of determining and declaring the withdrawal value of shares and regulating all other matters pertaining to their business." Sec. 9 of the act empowers the association to contract for and collect from its members a premium or bonus, and to impose fines, which are made a lien upon the stock or any property belonging to a defaulting member, and held by the association; "and no fine, premium, bonus, or premiums paid by members for preference or priority right to loans, fines, or interest on such premiums shall be deemed a violation of any statute against the taking of usury, and they may be enforced and shall be collectible from the members of the association in accordance with the provisions of its by-laws." Upon the theory that one who, in common with others, enters into a venture of this kind with his eyes open to hardships which may result, must live up to the bargain he has made, and the courts have, in the absence of statutes to the contrary, quite uniformly held that a member forfeiting his stock loses it absolutely, and is entitled to nothing in the way of an allowance upon his indebtedness or otherwise for what he has paid; and the doctrine seems to pervade the entire system. 4 Am. & Eng. Enc. Law (2d Ed.) p. 1045. The basic idea being to continue the membership until the life of the association terminates, or a given series of stock issued matures, no right of withdrawal existed at common law; and, whether such right be founded upon statute, charter, by-law, or agreement, the terms thereof must be complied with, and the amount that may be withdrawn is of necessity usually fixed under the rule at something less than the real or apparent value of the shares. Id. pp. 1046–1052,

incl.; Association v. Lake, 69 Ala. 456; O'Rouke v. Association, 93 Pa. St. 308; Engelhardt v. Association (N. Y. App.,) 42 N. E. 710. In Association v. Chamberlain, 4 S. D. 271, 56 N. W. 897, this court held that "stockholders who subscribe for stock, or assist in organizing a corporation under a charter, and reap the benefits of the law, and thereby induce persons to credit the corporation, and do business with it on the faith of its being legally organized, will be estopped from alleging that the law under which the corporation is organized is unconstitutional, as a means of avoiding any personal liability by reason of these transactions or contracts with such corporation." As the obligations of membership and application for shares, including the optional privilege of withdrawal upon specified conditions, were all voluntarily entered into and accepted by appellant, he cannot, while insisting upon the right under his agreement to withdraw, avoid a substantial compliance with the terms thereof, none of which, so far as applicable to this case, are inconsistent with the law of this state. The order appealed from overruling appellant's demurrer to respondent's answer is affirmed.