McCASKILL et al. v. BOWER et al., trustees, and vice versa.

1. Where a pupil has been refused admission to a public school because of his failure to comply with an alleged illegal requirement of the trustees of the school, the remedy of his parents is by mandamus to compel the proper officer of the school to admit him, and not by injunction to restrain the enforcement of the alleged illegal requirement.

2. Before a party is entitled to relief he must show injury, or at least that injury is threatened. The mere allegation by the parent of a schoolboy that the officers of a public school have passed an illegal regulation, which, if enforced, would work injury upon his son, does not entitle him to an injunction against such officers.

Argued January 16, — Decided August 17, 1906.

Petition for injunction. Before Judge Spence. Decatur superior court. December 22, 1905.

Russell & Hawes, for plaintiffs.

Powell & Pottle and John R. Wilson, for defendants.

BECK, J. McCaskill sought to restrain the superintendent and trustees of the public school of Bainbridge from refusing admission to that school to his two sons who had failed to comply with a rule or regulation under which each male pupil over four feet and six inches in height and between certain named ages is required to wear a uniform which costs the sum of thirteen dollars, alleging in his petition that his sons came within the requirements of the rule as to age and height, and attacking the regulation as being unconstitutional in divers particulars. The defendants demurred to the petition, on various grounds, among them being that the plaintiff had mistaken his remedy, that he should have proceeded by petition for mandamus instead of praying for an injunction. During the progress of the hearing (which was had at chambers in vacation) McCaskill amended his petition by alleging that after the grant of the temporary restraining order in the case, the board of trustees passed an amendment to the rule in question under the terms of which a uniform will be provided for any pupil coming within the requirements thereof who is, because of poverty, unable to purchase the same, upon satisfactory proof being made to the board by the parent or guardian of such pupil that such is the truth. McCaskill attacked this amendment in his amendment as void, because violative of the act under which the defendants hold office; and for the further reason that the rule as amended is con-

trary to several named provisions of the constitution in reference
to appropriation of money for school purposes. At the hearing
certain parties, each having a son "attending the . . school,
coming within the requirements . . as to uniform," were made
parties plaintiff by intervention. The only evidence introduced was
an affidavit to the effect that a fairly good suit of clothes could be
purchased for a boy coming within the provisions of the rule for
the sum of $2.50, while five dollars would buy a suit of such quality
that the wearer would be "well dressed, and clothed as well as the
average boy in the city of Bainbridge." Before the case was dis-
posed of, the defendants objected orally to the allowance of the
intervention and the amendment of the original petition, on the
ground that the court had no jurisdiction or authority at chambers
in vacation to allow either; they also filed written demurrers to the
amendment and intervention; but as those pleadings seem to have
been filed a day after the order was signed by the judge denying
the injunction, and as the record does not disclose that they were
ever before the judge, we can not consider them. The overruling
of these oral motions and written demurrers is the subject of a
cross-bill of exceptions filed by the defendants. After hearing
argument of counsel the court passed the following order: "Upon
considering the petition and amendments offered, ordered and
adjudged that the injunctions prayed for are refused upon the
ground that the defendants have the authority to pass the regula-
tion in question." To this order all the plaintiffs excepted.

1. Without considering whether the court assigned the proper
reason for denying the relief sought, or attempting to decide the
cause upon its merits, we entertain no doubt that McCaskill was not
entitled to an injunction. In the first place, it has been held by
this court: "Where the board of education having in charge the
management and control of the public school system of a city has
enacted an alleged illegal requirement for admission to the public
schools, the remedy of the parent whose child has been denied ad-
mission to such schools is by mandamus to compel the proper offi-
cer to admit the child, and not by injunction to restrain the en-
forcement of the alleged illegal requirement." *Board of Public
Education* v. *Felder,* 116 *Ga.* 788. This is undoubtedly conclusive
upon McCaskill as to his original petition.

2. As to the amendment of the original petition, there can be

no question that it is without merit.  It was not alleged by Mc-
Caskill that there had been even a suggestion of enforcing the
amendment to the regulation, and the prayer for injunction on the
ground that the amended rule or regulation is unconstitutional is
so palpably meritless, in the absence of an allegation of even appre-
hended injury, that it need not be further discussed.  And for sim-
ilar reasons can the intervention be disposed of.  Aside from the
fact that under the rule that intervenors "take the case as they find
it" (*Branan* v. *Baxter,* 122 *Ga.* 222; *Railway Co.* v. *Pope,* Ib.
577), and when the original petition is dismissed the intervention
follows, under no view of the allegations in the petition for inter-
vention, as we see them, do the intervenors appear to have a cause
of complaint.  It is alleged that each of them has a son attending
the school "coming within the requirements as to uniform," but
it is not alleged that the officers of the school have enforced the
rule, attempted to enforce it, or that they are even threatening to
enforce it against the children of these plaintiffs.  Wherefore, then,
are they entitled to relief?  No principle is more clearly recognized
than that equity will not attempt to do a thing which is vain; and
it would be useless indeed to grant relief before injury is even
threatened.

 *Judgment on main bill affirmed.  Cross-bill dismissed.  All the
Justices concur, except Fish, C. J., absent.*