## JOHNSON *v.* GEORGIA-CAROLINA RETAIL MILK PRODUCERS ASSOCIATION INCORPORATED.

No. 11029.   JUNE 17, 1936.   REHEARING DENIED JULY 17, 1936.

*W. D. Lanier,* for plaintiff in error.
*Lee, Congdon & Fulcher,* contra.

BECK, Presiding Justice. Georgia-Carolina Retail Milk Producers Association Inc. is a co-operative association organized under the agricultural co-operative marketing acts of 1920 and 1921. The members of the association are producers of milk and cream, who, in consideration of the mutual obligations and the admission of membership in the association, entered into individual contracts with the association. The purposes of the association, as stated in this contract, are for co-operative marketing, for stabilizing the milk and cream markets, and for procuring more and better milk, in the interest of the members and of the public, in and for the Augusta market. The contract provides that it may be terminated at the end of any fiscal year, by giving notice to the association; the association to make all rules and regulations necessary for the proper marketing of retail milk, and the members agreeing to abide by all such rules as to prices, grading, classifying, inspecting, etc.; the association to establish a scale of minimum prices for the retail and wholesale marketing of milk in the Augusta market; and it shall be considered a breach of the agreement for any member of the association to market his milk in the Augusta market for less than the price agreed upon and fixed by the association as the minimum price. But the producer or member may cease production altogether at any time, and he is not required to deliver any specific quantity of milk per month; only that all that he produces shall be sold at not less than the minimum price fixed by the association. The producer or member agrees to pay to the association for all milk or cream delivered, sold, consigned, or marketed by or for him, other than in accordance with the rules and regulations of the association, the sum of twenty cents per gallon, as liquidated damages; and agrees that "in the event of a breach or threatened breach by him of any provision regarding the marketing of milk in the Augusta market, the association shall be entitled to an injunction to prevent the breach or further breach." The association brought its equitable petition against Johnson, setting forth the contract, and alleging that the defendant was violating the terms of the contract by selling his milk in the Augusta market at prices less than those fixed by the association. It prayed for injunction, and for damages as provided for in the contract. A general demurrer to this petition was overruled, and the court granted the injunction as prayed.

1. The court did not err in overruling the demurrer to the petition, and in continuing in force the interlocutory injunction previously granted. There is an attempt upon the part of the plaintiff in error to raise the question of the constitutionality of the acts referred to, and of the contract here involved between these two parties; but we do not think that the plaintiff in error is in a position to attack the constitutionality of either the acts or the contract. In *Harrell* v. *Cane Growers Co-operative Association*, 160 *Ga.* 30 (126 S. E. 531), a case in which similar questions were raised, a portion of the specially concurring opinion of Chief Justice Russell is applicable to the controlling question in this case. He said: "If the act is discriminatory, he, as a member and officer of the association, belongs to the class in favor of which the alleged discrimination is made. He is not in position to assert that he is injured by the discrimination. The doctrine is well stated in 19 Ruling Case Law, 109, as follows: 'As has been often pointed out, one who seeks to set aside a State anti-trust statute as repugnant to the Federal constitution must show that he is within the class with respect to whom the act is unconstitutional, and that the alleged unconstitutional feature injures him. The objection that such a statute unlawfully discriminates in favor of certain classes can not be raised by a member of the favored class, nor by any one not affected by the invalid portion of the act.' In Plymouth Coal Co. *v.* Pennsylvania, 232 U. S. 531, 545 (34 Sup. Ct. 359, 58 L. ed. 713), it was held that 'One attacking the constitutionality of a State statute must show that he is within the class whose constitutional rights are injuriously affected by the statute.' The cases of Southern Railway Co. *v.* King, 217 U. S. 524, 534 (30 Sup. Ct. 594, 54 L. ed. 868), Standard Stock Food Co. *v.* Wright, 225 U. S. 540, 550 (32 Sup. Ct. 784, 56 L. ed. 1197), and Rosenthal *v.* New York, 226 U. S. 260, 271 (33 Sup. Ct. 27, 57 L. ed. 212, Ann. Cas. 1914D, 71), were cited in support of this rule. Subsequently, in Mallinckrodt *v.* Missouri, 238 U. S. 41, 54 (35 Sup. Ct. 671, 59 L. ed. 1192), the United States Supreme Court held: 'As has been often pointed out, one who seeks to set aside a statute as repugnant to the Federal constitution must show that he is within the class with respect to whom the act is unconstitutional, and that the alleged unconstitutional feature injures him.' In Owen County Society *v.* Brumback, 128 Ky. 137 (107 S. W. 710), the Supreme

Court of Kentucky held that 'If it [the act] could be held to be discriminatory, it is clear that that question can not be raised by the defendant. He has not been discriminated against. He has not been denied any privilege or immunity that is granted to any other person or class of persons, nor has he been denied the equal protection of the law.' The proceeding in the Kentucky case was under a co-operative marketing act, such as that now before us. The co-operative association there sued a grower member for injunction upon his failure to deliver tobacco. The plaintiff association was organized under the Kentucky law which permitted farmers co-operative contracts of the same nature as the contract here involved. To the same effect is the decision of the Supreme Court of North Carolina in St. George v. Hardy, 147 N. C. 88 (60 S. E. 920), where the court held that since the party making the attack was not within a class discriminated against, it would not listen to his contentions. Since the plaintiff in error is a member of the Cane Growers Association, he can not attack the constitutionality of the law under which it was organized. 'It is a well-established general rule that where one contracts with an alleged corporation as such, and in such manner as to recognize its corporate existence de jure or de facto, he will be estopped to deny the fact thus admitted.' . . The same doctrine is asserted in McDonald v. Alabama Ins. Co., 85 Ala. 401 (5 So. 120), and in Beach v. Co-operative Savings Association, 10 S. D. 549 (74 N. W. 889). In this case the plaintiff association has done business, incurred obligations, and made contracts, all for the benefit of its members. Those who have contracted with the association and any who may have become creditors have done so upon the faith of its legal organization. It follows that Harrell, being a member of the Cane Growers Association, can not attack the law of its creation. The courts will not listen to one who has helped organize this association, who has by his express contract (as appears from paragraph 18-a of the marketing agreement) stated that 'this contract is one of a series, dependent for its true value upon the adherence of each and all of the growers to each and all of said contracts,' and who now attempts to deny the legal existence of the very thing which was called into being by his active assistance. To each and all of the stipulations of the contract relating to remedial procedure or to the expenses of the litigation, he has already agreed to be bound. This statement in-

cludes an agreement to an injunction and to a decree for specific performance." The authorities supporting the ruling just announced are direct and numerous. Under what is there said, the defendant was not in a position to attack the constitutionality of the acts above referred to, or the terms of the contract entered into by him with the association formed under these acts. In view of what is said in the opinion of the Chief Justice and the authorities cited and quoted by him, which we adopt here as sound, and in view of the fact that the act itself, referred to in the beginning, especially provides for injunctive relief under the circumstances shown in this case, the court did not err in granting the relief prayed in the order to which exception is taken.

*Judgment affirmed. All the Justices concur.*
On motion for rehearing ATKINSON, J., concurs in the result.