21852. SOLOMON et al. v. BROWN, Mayor, et al.

Argued November 15, 1962—Decided December 3, 1962.

*John J. Sullivan, W. Ward Newton,* for plaintiffs in error.

*Eugene Cook, Attorney-General, Brannen, Clark & Hester, Lewis, Wylly & Javetz, Emanuel Lewis, William L. Harper, John A. Blackmon, Assistant Attorneys General,* contra.

ALMAND, Justice. Mrs. Marjorie B. Solomon and others, as citizens and taxpayers of Savannah Beach, Chatham County, Georgia, by petition prayed for the issuance of the writ of mandamus absolute against the Mayor & Aldermanic Board of Savannah Beach, the Sheriff of Chatham County and the State Revenue Commissioner. It was alleged that it is the duty of the defendants to enforce the provisions of the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors" (Ga. L. 1937-38, Ex. Sess., pp. 103, 111; *Code Ann.* §§ 58-1026, 58-1027) which makes it a penal offense for the holder of a retail liquor license to permit the consumption of liquor on the premises where sold. It was alleged that this law had been openly and continuously violated by certain named parties in Savannah Beach and that these violations were well known to all of the defendants but they have failed and refused to enforce the provisions of the aforesaid law. Their prayers were that the defendants, by writ of mandamus absolute, be required to enforce the provisions of the law by arresting all violators and closing their establishments. The separate general demurrers

of all the defendants were sustained and the petition dismissed.

The sole question here is one of law and that is whether the plaintiffs have a right to the relief they seek.

Before the writ of mandamus will issue against a public officer, the applicant must show, first, that he has a clear legal right to the relief sought and second, that there is no other adequate remedy. *Code* § 64-101. See *Mattox v. Board of Educ. of Liberty County,* 148 Ga. 577, 581 (97 SE 532, 5 ALR 568). While a writ of mandamus will issue to compel a due performance of specific official duties, it will not lie to compel a general course of conduct or the performance of continuous duties nor will it lie where the court issuing the writ would have to undertake to oversee and control the general course of official conduct of the party to whom the writ is directed. See *Jackson v. Cochran,* 134 Ga. 396 (67 SE 825, 20 AC 219); and *Richter v. Jordan,* 185 Ga. 39 (193 SE 871).

The trial judge in his order in pointing out other adequate remedies of the plaintiffs, said: "Another remedy available to plaintiffs is that of a citizen's arrest. The law provides that a private person may arrest an offender if the offense is committed in his presence or within his immediate knowledge. Ga. Code 27-211. A further remedy available to plaintiffs would be to make a complaint directly to a magistrate or other official authorized by law to issue an arrest warrant and to obtain such a warrant for the arrest of the violator. Such warrant could then be placed in the hands of the sheriff or other arresting officer for execution, and, as was said in the *Porter* case cited above [*Porter v. Garmony,* 148 Ga. 261, 96 SE 426], if the sheriff or other officer should fail or refuse to arrest the offender on such warrant, then mandamus would lie to compel performance of this plain ministerial duty."

The trial court correctly held that the relief sought by the plaintiffs was not available to them by the way of a mandamus absolute and did not err in sustaining the general demurrers.

*Judgment affirmed. All the Justices concur.*