24574.  CLARK'S VALDOSTA, INC. v.
CITY OF VALDOSTA.

ARGUED APRIL 8, 1968—DECIDED APRIL 22, 1968—
REHEARING DENIED MAY 9 AND MAY 23, 1968.

*Walker & Yancey,* for appellant.

*Tillman, Brice, McTier & Coleman, Henry T. Brice,* for appellee.

*Franklin, Barham, Coleman, Elliott & Blackburn, Wilby C. Coleman,* for party at interest not party to record.

DUCKWORTH, Chief Justice. To give petitioner standing to seek an injunction, it was necessary that it show impending illegal injury. The petition seeks to show that such alleged injury was preventing it from carrying on its ordinary business or calling which is not shown to be charitable or necessary and which is forbidden by State law. *Code* § 26-6905. The thrust of the case is the alleged invalidity of the city ordinance which is assailed upon numerous grounds. We can fully understand the concern of the city, as expressed by its attorney in his oral argument, for having firmly fixed the exact limits of the law restricting business operations on Sunday. But we do not reach a consideration of the ordinance for the reasons hereinafter set forth.

When we look to the State law and find that the petitioner's only complaint against the ordinance is that it prevents it from violating the State law, we must hold that the petitioner shows no injury and hence was not entitled to an injunction. One not adversely affected by a law will not be allowed to challenge its constitutionality in court. 11 AmJur 748, Constitutional Law, § 111; 16 CJS 226, Constitutional Law, § 76; *Harrell v. Cane Growers Co-op Assn.,* 160 Ga. 30, 45 (7) (126 SE 531); *Felton v. Bennett,* 163 Ga. 849 (137 SE 264); *Johnson v. Georgia-Carolina Retail Milk Producers Assn.,* 182 Ga. 695, 697 (186 SE 824); *Mulling v. Houlihan,* 205 Ga. 735 (55 SE2d 150); *Kryder v. State,* 212 Ga. 272 (91 SE2d 612). In order to be entitled to equitable relief, one must show threatened injury. *Code* § 55-101; *McCaskill v. Bower,* 126 Ga. 341 (2) (54 SE 942); *Mayor &c. of Athens v. Co-op Cab Co.,* 207 Ga. 505 (62 SE2d 906). Thus the only injury alleged being the unconstitutionality of the ordinance which prevents the plaintiff from doing certain acts where there exists a State law preventing it from

doing exactly the same thing, it has shown no harm, and the lower court did not err in dismissing the petition as amended. This disposes of the case without dealing with the alleged unconstitutionality of the ordinance, for the petitioner has not shown it has been adversely affected by it.

*Judgment affirmed. All the Justices concur.*