28196. NEW ERA PUBLISHING COMPANY, INC. v. GUESS et al.

ARGUED SEPTEMBER 13, 1973 — DECIDED OCTOBER 5, 1973 — REHEARING DENIED OCTOBER 25, 1973.

*McCurdy, Candler & Harris, J. Robin Harris, George H. Carley,* for appellant.

*Dillard & Dillard, George P. Dillard, Mackay & Elliott, James A. Mackay, Thomas W. Elliott,* for appellees.

GRICE, Presiding Justice. The central issue presented upon this appeal is whether "The Decatur-DeKalb News" was legally qualified to be the official organ of DeKalb County on July 1, 1973, when it was so designated by the appropriate officers of that county.

A mandamus action was instituted on May 9, 1973, in the Superior Court of DeKalb County by the appellant New Era Publishing Company against Marion Guess, Jr., Ordinary of DeKalb County, Rayburn L. Bonner, Sheriff of DeKalb County, Theron Burgess, Clerk of the Superior Court of DeKalb County, and Decatur News Publishing Company, Inc.

The complaint alleged in substance that the appellant published a weekly newspaper known as "The DeKalb New Era" which was the current official organ of DeKalb County; that it was the only newspaper published in that county qualified to be the official organ thereof; that the defendants Bonner and Burgess, as Sheriff and Clerk of the Superior Court of DeKalb County respectively, have attempted to change the designation of the official organ of that county effective July 1, 1973, from "The DeKalb New Era"

to "The Decatur-DeKalb News"; and that "The Decatur-DeKalb News," published by the Decatur News Publishing Company, Inc., was not qualified to be the official organ of DeKalb County in that it had not been continuously mailed to a list of bona fide subscribers for a period of two years and less than eighty-five percent of its total circulation was paid circulation.

The prayers were that mandamus issue to compel the three officers named as defendants to perform the duty imposed upon them to designate a qualified newspaper as official organ of DeKalb County; to restrain and enjoin these defendants from changing the designation of the official organ; and to restrain and enjoin the Decatur News Publishing Company from accepting and publishing advertisements required to be published in the official legal organ of DeKalb County.

A mandamus nisi was issued and a hearing set, and answers were filed by all defendants denying the material allegations.

Upon the trial after evidence was presented the defendants were granted directed verdicts in their favor and a judgment was entered thereon which found the following facts:

"1.   That in September, 1971, the defendant, Decatur News Publishing Company, Inc., commenced printing, publishing, and circulating 'The Decatur-DeKalb News' weekly journal or newspaper in DeKalb County, Georgia, separate and apart from two other newspapers the DeKalb News North and DeKalb News South.

"2.   These three separate and different newspapers formed a family of weekly journals printed, published and circulated in DeKalb County, Georgia, by the said defendant commencing in September, 1971, and continuing to date.

"3.   That in September, 1971, the defendant, Decatur News Publishing Company, Inc., commenced mailing its weekly journal 'The Decatur-DeKalb News' to a list of bona fide subscribers totalling more than 85% of the circulation of said journal as paid circulation.

"4.   In April, 1972, the defendant, Decatur News Publishing Company, Inc., acquired all the assets and liabilities of 'The DeKalb Tribune' weekly newspaper being printed, published and circulated in DeKalb County, Georgia, since 1968. At the time of acquisition, 'The DeKalb Tribune' weekly newspaper was being mailed to a list of bona fide subscribers totalling more than 85% of the circulation of said journal as paid circulation in DeKalb County, Georgia, and at the time of said acquisition, such

circulation of 'The DeKalb Tribune' weekly newspaper was mailed to approximately 5,200 bona fide subscribers and had been continuing since 1968.

"5. In April, 1972, the Defendant, Decatur News Publishing Company, Inc., merged the aforesaid circulation of 'The DeKalb Tribune' newspaper into its weekly journal 'The Decatur-DeKalb News' and mailed 'The Decatur-DeKalb News' newspaper to the said bona fide subscribers to 'The DeKalb Tribune' in DeKalb County, Georgia, until publication of 'The DeKalb Tribune' newspaper was terminated by the Defendant, Decatur News Publishing Company, Inc.

"6. Upon termination of the publication of 'The DeKalb Tribune' newspaper by the said defendant, 'The Decatur-DeKalb News' weekly journal became the direct successor of 'The DeKalb Tribune' weekly newspaper and as such successor 'The Decatur-DeKalb News' journal was circulated by mail to those bona fide paid subscribers to 'The DeKalb Tribune' newspaper who elected to receive 'The Decatur-DeKalb News' in lieu of 'The DeKalb Tribune' newspaper, and said circulation of 'The Decatur-DeKalb News' weekly journal is presently continuing in DeKalb County, Georgia.

"7. 'The Decatur-DeKalb News' Weekly Journal printed, published and circulated in DeKalb County, Georgia by the Defendant, Decatur News Publishing Company, Inc., meets the requirements of law as stated in Georgia Code Section 39-1103 and is legally qualified to be designated as the official legal organ of DeKalb County, Georgia, and it was qualified as such on March 29, 1973, when it was officially and legally designated as such by the constitutional officers of DeKalb County, Georgia namely: Theron Burgess, Clerk Superior Court and Rayburn L. Bonner, Sheriff, DeKalb County.

"8. The court finds as a matter of law pursuant to Georgia Code Section 81A-150 (a) that there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands that the defendant's motion for directed verdicts be granted."

Upon review of the record we conclude that the judgment of the trial court as set forth above is correct. No issue of fact was introduced by the appellant upon the trial which presented a jury question.

The statute providing for the method of selection of the official organ of a county and the qualifications of such organ recites that "No journal or newspaper published in this State shall be declared or made the official organ of any county for the publication of sheriff's sales, ordinary's citations or any other advertising commonly known and termed 'official or legal advertising' and required by law to be published in such county official newspaper, unless such newspaper shall have been continuously published and mailed to a list of bona fide subscribers for a period of two years, or is the direct successor of such journal or newspaper, and unless 85 percent of the circulation of such newspaper or journal is paid circulation. No change shall be made in the official organ of any county except upon the concurrent action of the ordinary, sheriff and clerk of the superior court of said county or a majority of said officers: Provided, that in counties where no journal or newspaper has been established for two years the official organ may be designated by the ordinary, sheriff and clerk of the superior court, a majority of these officers governing." Ga. L. 1910, p. 87; 1953, Nov. Sess., pp. 271, 272 (Code Ann. § 39-1103).

It is undisputed that a change in the designation of the official organ was made. The Sheriff and the Clerk of the Superior Court of DeKalb County, who constituted a majority of the officers authorized to make a change, entered such an order on March 29, 1973.

As to whether "The Decatur-DeKalb News" had been continuously published and had been mailed to a list of bona fide subscribers for a period of two years, or was the direct successor of such a newspaper, the evidence was uncontradicted that the last issue of "The DeKalb Tribune," a newspaper which was legally qualified to be the official organ, was published on April 20, 1972; and that a box on the front page of that issue recited that "DeKalb Publishing Company has made arrangements with 'The Decatur-DeKalb News' to honor all subscriptions until their expiration." Gerald W. Crane, Executive Vice President of the Decatur News Publishing Company, testified that "The Decatur-DeKalb News" acquired all the stock of "The DeKalb Tribune" and in April of 1972 succeeded to all the assets and liabilities of that newspaper. This testimony was also uncontradicted and was supported by documentary evidence such as statements of ownership, management and circulation for "The DeKalb Tribune" from 1969 forward, which were filed with the United States Postal Service.

The appellant insists, however, that there is a question of fact as to whether "The Decatur-DeKalb News" was the "direct successor" of "The DeKalb Tribune" so as to qualify it to be the official organ under the applicable statute. It argues that since the witness Crane testified that "The Decatur-DeKalb News" existed and operated in its present form at least eight months prior to the cessation of the publication of "The DeKalb Tribune," and that since the circulation of "The Decatur-DeKalb News" was increased by only 60 new subscribers thereby, it cannot be considered to be the successor of "The DeKalb Tribune."

This argument is without merit.

The interpretation of the word "successor" as used in the statute is not a question of fact but a question of law. Since there was no conflict in the evidence as to the facts involving the acquisition of "The DeKalb Tribune," the trial court properly determined that there was no issue for the jury in this regard.

It should also be pointed out that this issue has since become moot since the evidence shows that the Decatur News Publishing Company began publishing "The Decatur-DeKalb News" in September of 1971, and that therefore it now meets the standards of the statute regardless of whether it is a successor to "The DeKalb Tribune."

Finally, there was no dispute in the evidence that "The Decatur-DeKalb News" was a newspaper published in DeKalb County, Georgia, which had at the time of trial more than eighty-five per cent paid circulation.

The appellant's contention that the trial court erred in finding as a matter of law that the Decatur News Publishing Company published "The Decatur-DeKalb News" separate and apart from two other newspapers which were without paid circulation, because "a jury could have determined from the evidence that the purported separate identities of the papers were artificial and not substantive," cannot be sustained.

Again, there was no jury question because there was no conflict in the evidence. The only evidence introduced in this regard was the testimony of the witness Crane. He stated that "The Decatur-DeKalb News" and the two other papers had different editors, writers, copy and editorial policies, although they had the same advertising. He explained that advertisements could be purchased only as a "forced combination" in all three papers, which was also the manner that advertising was sold in "The Atlanta Constitution" and "The Atlanta Journal" and area newspapers in

many other localities.

From this undisputed evidence the trial court correctly concluded as a matter of law that "The Decatur-DeKalb News" was published and circulated separate and apart from the other two newspapers published by the Decatur News Publishing Company.

From the foregoing it is apparent that the appellant was not entitled to mandamus since it did not show that it had a clear legal right to the relief sought. Code § 64-101; *Solomon v. Brown,* 218 Ga. 508, 509 (128 SE2d 735).

We find no error in the proceedings.

*Judgment affirmed. All the Justices concur.*