## 33041. MEDLIN v. MICKLE et al.

HALL, Justice.

Appellant filed suit for a writ of mandamus and a declaratory judgment contending that Ga. L. 1977, p. 1236, is invalid. That statute authorizes consolidated governments to permit the sales of alcoholic beverages from 11:55 p. m. on each Saturday night until 1:55 a. m. Sunday morning. This authority was exercised by the passage of an ordinance by the City of Columbus. If appellant's contentions are correct, sales occurring after midnight would be illegal despite the ordinance. Code § 58-1060. Appellant's complaint was dismissed before trial for lack of standing.

1. We deal first with appellant's contention that he adequately alleged standing by stating that he had purchased liquor during the disputed hours, and that this "could result in criminal prosecution." This is insufficient to show standing to bring a declaratory judgment action challenging the constitutionality of a state statute, since it shows only a hypothetical future event. *Brown v. Lawrence,* 204 Ga. 788, 791-792 (31 SE2d 651) (1949); *Clark's Valdosta, Inc. v. City of Valdosta,* 224 Ga. 331 (161 SE2d 867) (1968).

2. Appellant argues that he has standing to maintain the mandamus action as an interested citizen. See *Bd. of Commrs. v. Montgomery,* 170 Ga. 361, 366 (153 SE 34) (1930). Assuming arguendo that he has standing, he is barred from the mandamus he seeks by *Solomon v. Brown,* 218 Ga. 508 (128 SE2d 735) (1962), in which it was held that mandamus will not lie to compel the performance of continuous duties or to control the general course of official conduct. "Where the trial court is right for any reason, its judgment will be affirmed." *McGee v. Craig,* 231 Ga. 507 (202 SE2d 441) (1973).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 9, 1978 — DECIDED JANUARY 19, 1978.

*Alex D. Williams, H. Norwood Pearce, William H.*

*Arey,* for appellant.

*Lennie F. Davis, Eugene Hardwick Polleys, Jr., Milton Hirsch,* for appellees.

HILL, Justice, concurring.

There are many problems which cannot be solved by the courts. The issue here is whether this is one of them.

Plaintiff contends he has standing because he seeks a declaratory judgment to obtain relief from uncertainty and insecurity. He says that he wants to buy liquor on Sunday morning but feels threatened with prosecution despite the absence of enforcement.

Litigation is not the answer to plaintiff's problem. He should either quit drinking or quit worrying.